**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARMEN JORDA, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>DeTOMASO AUTOMOBILI HOLDINGS, N.A. LLC, a Delaware Limited Liability Company; SUNG FLING CHOI (a/k/a NORMAN CHOI), an individual; and RYAN BERRIS, an individual,<br><br>    Defendants. | Case No.: 1:23-cv-09809 (ALC) |

**PLAINTIFF CARMEN JORDA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CLARIFICATION, OR ALTERNATIVELY, RECONSIDERATION**

Pursuant to Federal Rules of Civil Procedure 60(a), 60(b), and Local Rule 6.3, Plaintiff Carmen Jorda ("Plaintiff" or "Jorda") hereby requests the Court to clarify, or alternatively, reconsider its Order dated May 2, 2025 ("May 2nd Order"). (ECF No. 92.)

## I. INTRODUCTION

This case involves a breached contract and fraudulent representations by Defendants De Tomaso Automobili Holding N.A., LLC ("De Tomaso") and its owner Sung-Fung "Norman" Choi ("Choi") (together, "Defendants") regarding their refusal to pay Plaintiff Carmen Jorda for work she performed for De Tomaso between September 2021 and 2022. Jorda, a celebrated Formula 1 racing driver, was hired by Defendants as a brand ambassador. On September 3, 2021, Jorda entered an initial contract with Defendants in New York to be compensated for her services, which was later superseded by a second contract in January 22, 2022. Shortly after her engagement, De Tomaso held its largest public-facing event in New York on September 16, 2021, the launch of the "Meet Isabelle" branding campaign that Plaintiff extensively worked on. Plaintiff performed a significant amount of work until May 2022, which included trips to numerous cities to promote De Tomaso's brand and meet with marketing agencies, media companies, and potential investors. Despite having received the full benefits of Jorda's labor, and despite the existence of written agreements and repeated reassurances of payment, Defendants failed to compensate Jorda for a significant portion of her work, which led to this present lawsuit.

## II. PROCEDURAL BACKGROUND

### A. This Action

Plaintiff originally filed this action on June 14, 2023, in the Central District of California. (ECF No. 1.) The case was transferred to this Court on November 6, 2023. (ECF No. 30.) On December 18, 2023, Plaintiff filed a Second Amended Complaint ("SAC"). (ECF No. 41.) On

January 16, 2024, Defendants filed a Motion to Dismiss the SAC. (ECF No. 56.) Thereafter, Plaintiff filed an Opposition and Defendants filed a Reply. (ECF Nos. 64-66, 68.)

On May 2, 2025, the Court held a teleconference, and afterwards issued an order granting Defendants' Motion to Dismiss without prejudice. The Court further ordered the parties to engage in jurisdictional discovery and to confer on a joint discovery plan to be submitted on May 23, 2025. (ECF No. 92.)

### B. The Parallel Berris Action

As this case was pending, De Tomaso's former CEO Ryan Berris filed a parallel case against De Tomaso and Choi in this District of May 24, 2023, which was assigned to the Honorable Arun Subramanian. *See Berris v. Choi et al.*, No. 1:23-cv-04305 (AS) (S.D.N.Y. 2023) ("Berris Action"). Berris alleges similar causes of action to those alleged by Jorda in the instant action. Specifically, the Berris Action highlights a breach of contract and extensive bad faith conduct by De Tomaso and Choi, such as Berris being encouraged to defer his salary in exchange for a ten percent equity stake in De Tomaso, which ultimately culminated in Choi's wrongful termination of Berris, as well as Choi's denial of any compensation or equity. On November 9, 2023, Defendants Choi and De Tomaso filed a Notice of Potentially Related Cases with this Court highlighting the "common parties," the "overlapping facts and issues," and the pending motions to dismiss, "including for lack of personal jurisdiction," in both actions. (*See* ECF No. 33.)

On August 29, 2023, Choi and De Tomaso filed a motion to dismiss the Berris Action asserting the same jurisdictional arguments made in this action. (Berris Action, ECF No. 39.) On February 7, 2023, Judge Subramanian heard De Tomaso and Choi's motion to dismiss, which he granted in part and denied in part. (*See* Pottier Decl. iso Plf.'s Opp. Mot. to Dismiss ["Pottier

Decl."] ¶ 4, Ex. C (ECF Nos. 64, 64-4); RJN iso Plf.'s Opp. Mot. to Dismiss ["RJN"] Ex. 4 (ECF Nos. 64-17, 64-21.) Specifically, Judge Subramanian denied De Tomaso and Choi's motion to dismiss with respect to their personal jurisdiction and alter ego arguments and granted jurisdictional discovery as it pertained to Berris's defamation claim. (*See* Pottier Decl. ¶ 5, Ex. D, 31:24-33-13, 17:9-13 (ECF Nos. 64, 64-5).) The Berris Action has now proceeded on the merits with motions for summary judgment currently pending. (*See* Berris Action, ECF No. 185.)

### III.   LEGAL STANDARD

#### A.   Law on Motion for Clarification

"Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, 956 F. Supp. 2d 402, 410 (E.D.N.Y. 2013); *accord. Greer v. Mehiel*, No. 15-CV-6119 (AJN), 2017 WL 128520, at *2 (S.D.N.Y. 2017). "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement ... this broad rule does not allow a court to make corrections that, under the guise of mere clarification, 'reflect a new and subsequent intent because it perceives its original judgment to be incorrect. Rather, the interpretation must reflect the contemporaneous intent of the district court as evidenced by the record.'" *Id.* (quoting *Garamendi*, 683 F.3d at 1080 (9th Cir.2012)).

#### B.   Law on Motion for Reconsideration

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Columbo v. Philips Bryant Park LLC*, No. 22-CV-775 (RA)) 2025 WL 1043685, at *1 (S.D.N.Y. Apr. 8, 2025) (quoting *Eckhart v. Fox News Network, LLC*, No. 20-

CV-5593, 2022 WL 4579121, at *1 (S.D.N.Y. 2022). "A court will grant reconsideration when a movant demonstrates 'an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "'Reconsideration is generally appropriate if the district court 'overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" *Ema Fin., LLC v. Vystar Corp.*, No. 1:19-CV-01545-ALC-GWG, 2021 WL 5998411, at *2 (S.D.N.Y. 2021) (Carter, J.) (quoting *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000) (*per curiam*)). "A motion for reconsideration must 'set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.'" *Joao Control & Monitoring Sys., LLC v. Digital Playground, Inc.*, No. 12-CV-6781 (RJS), 2016 WL 11944541, at *1 (S.D.N.Y. 2016) (quoting L.R. 6.3).

### IV.    ARGUMENT

Clarification of the May 2nd Order is necessary to properly reflect the Court's intent to retain jurisdiction so that the parties may conduct jurisdictional discovery and that any discovery orders may be properly enforced by the Court. Clarification is also necessary to determine whether Plaintiff has made a *prima facie* case for personal jurisdiction, and what specific jurisdictional claims remain deficient so that the parties can appropriately tailor the joint discovery plan ordered by the Court. Alternatively, Plaintiff respectfully requests the Court reconsider its May 2nd Order based on the two prior rulings establishing Defendants are subject to personal jurisdiction in this District that may have been overlooked by the Court in its decision granting Defendants' Motion to Dismiss without prejudice.

### A.    The Court Should Clarify Its May 2nd Order By Withholding its Ruling on the Motion to Dismiss So That the Parties May Conduct Jurisdictional

### Discovery First

"Courts enjoy great discretion in deciding whether to order jurisdictional discovery ***before* resolving motions to dismiss** for lack of personal jurisdiction." *In re Terrorist Attacks on Sept. 11, 2001*, 392 F. Supp. 2d 539, 561 (S.D.N.Y. 2005), *aff'd*, 538 F.3d 71 (2d Cir.2008) (emphasis added) (citing *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir.2003)). "As a general rule, ***before* dismissing a suit** for lack of jurisdiction a court will allow limited discovery going to the issue of jurisdiction." *Williams v. Casey*, 657 F. Supp. 921, 925 (S.D.N.Y. 1987) (emphasis added) (citing *Kamen v. American Tel. & Tel.,* 791 F.2d 1006, 1011 (2d Cir.1986)); *see also Urdahl v. E. Airlines Inc.*, No. CV-86-1322, 1987 WL 6479, at *4 (E.D.N.Y. 1987) (Dismissal on jurisdictional grounds "***should not be granted until*** the party asserting jurisdiction is permitted a reasonable opportunity to conduct discovery for the purpose of showing that jurisdiction exists." (emphasis added)). "Dismissal without allowing plaintiff any opportunity to conduct reasonable discovery has been held to be an abuse of discretion." *Id.* (citing *Majd-Pour v. Georgiana Community Hosp.,* 724 F.2d 901, 903 (11th Cir.1984).

Here, the Court should clarify its May 2nd Order as to whether it intended to order jurisdictional discovery prior to ruling on the Motion to Dismiss, or if it intended to deny the Motion to Dismiss without prejudice—as opposed to *granting* the Motion to Dismiss without prejudice before the parties could conduct jurisdictional discovery. The Order raises serious jurisdictional and procedural questions as to whether and how the Court may retain jurisdiction to order jurisdictional discovery on Defendants who are already dismissed. Plaintiff will likely be prejudiced in any attempts to enforce discovery on Defendants, who can now claim that the Court does not have jurisdiction over them. Without any specific findings of fact or the opportunity to conduct jurisdictional discovery first, the Order dismissing Defendants for lack of

5

personal jurisdiction (despite being without prejudice) is thus <u>premature</u>. Clarification of the May 2nd Order is therefore necessary "to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement'" of the Court's jurisdictional discovery orders. *See L.I. Head Start Child Dev. Servs., Inc.*, 956 F. Supp. 2d at 410.

The May 2nd Order also does not identify any specific deficiencies regarding Plaintiff's jurisdictional arguments and whether Plaintiff made a *prima facie* showing as to any of the grounds for personal jurisdiction over Defendants, including under either prong of the long-arm statute, C.L.P.R. § 302. Accordingly, clarification, at a minimum, is also needed to determine which jurisdictional claims by Plaintiff are still deficient and need to be amended so that the parties may better understand the scope of issues and develop an appropriate discovery plan.

### B. Alternatively, the Court Should Reconsider its Dismissal Order In Light of Controlling Decisions Made By Two Separate Courts Finding Personal Jurisdiction Over Defendants

The May 2nd Order also does not indicate whether the Court considered <u>*two separate rulings*</u> from Judge Percy Anderson (C.D.Cal.) in this case, and Judge Subramanian (S.D.N.Y) in the Berris Action, both finding that Defendants Choi and De Tomaso are subject to personal jurisdiction in New York. These arguments were timely raised and included in Defendants' Opposition brief. (*See* Opp. § II.A., B.; Pottier Decl. Exs. C, D.)

In the prior transfer order in this case, Judge Anderson stated that "The Court, … has no difficulty concluding that a 'substantial part of the events or omissions giving rise to the claim' occurred in the Southern District of New York." (ECF No. 29 at 4.) Meanwhile in the Berris Action, Judge Subramanian (S.D.N.Y) found that Berris had met his burden of establishing both

6

prongs under New York's long-arm statute for specific jurisdiction (C.P.L.R. § 302). (Pottier Decl. Ex. D, 17:6-7 (ECF No. 64-5) **("So as to personal jurisdiction, the motions to dismiss will be denied.")**.) As to the first prong, Judge Subramanian found that Choi and De Tomaso had purposefully availed themselves of the privilege of conducting activities within New York by engaging in dozens of business meetings in the State relating to De Tomaso's business. *Id.* at 17:14-18:16 (citing *Suntree Int'l Corp v. Rossi*, 2021 WL 5701407, at *3 (E.D.N.Y. 2021)).

Judge Subramanian found that the second prong was "easily satisfied" because Berris's claims arising from (1) Choi's failure to pay Berris for his work on De Tomaso; and (2) Berris's forced resignation—had an articulable nexus to Choi's New York contacts. *Id.* at 18:17-19:11 (citing *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 66 (2d Cir. 2012)). These claims by Berris arise from the same operative facts, alleged acts and omissions, as those alleged by Jorda, which are based on Choi and De Tomaso's similar failure to pay Jorda for work that she also performed for De Tomaso during the same period of time.

Based on two separate court rulings finding personal jurisdiction in New York over De Tomaso and Choi on the same set of facts—one of which came from the prior Judge in this case (ECF No. 29)—Defendants are collaterally estopped from re-litigating the issue of personal jurisdiction. *See JDM Imp. Co. Inc. v. Shree Ramkrishna Exports Pvt., Ltd.*, No. 22-CV-4042 (VEC), 2023 WL 2632179, at *4 (S.D.N.Y. 2023) (quoting *Bersoum v. Aboteat*, 568 F. Supp. 3d 443, 453 (S.D.N.Y. 2021)) ("Collateral estoppel 'applies to jurisdiction determinations, including those of personal jurisdiction, ….'"). Accordingly, to avoid inconsistent rulings with the other courts, this Court should reconsider its May 2nd Order and deny the Motion to Dismiss with prejudice.

## V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court clarify its May 2nd Order by withholding its ruling on the Motion to Dismiss until jurisdictional discovery has been completed and clarifying what jurisdictional issues still remain. Alternatively, Plaintiff respectfully requests the Court reconsider its Order by denying the Motion to Dismiss with prejudice given the collateral estoppel effect of the prior rulings in this case and the Berris Case.

Dated:   May 16, 2025
         New York, New York                    **FROST LLP**

                                                _____
                                                Michael Garofola (NY Bar No. 4490553)
                                                FROST LLP
                                                276 Fifth Avenue, Suite 712
                                                New York, NY 10001
                                                Telephone: (646) 516-6628
                                                michael@frostllp.com

                                                John D. Maatta (*pro hac vice*)
                                                Lawrence J.H. Liu (*pro hac vice*)
                                                FROST LLP
                                                10960 Wilshire Blvd., Suite 2100
                                                Los Angeles, CA 90024
                                                Telephone: (424) 254-0441
                                                john@frostllp.com
                                                lawrence@frostllp.com

                                                *Attorneys for Plaintiff*
                                                *Carmen Jorda*