**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CARMEN JORDA, an individual,**

**Plaintiff,**

**v.**

**DE TOMASO AUTOMOBILI HOLDINGS, N.A. LLC a Delaware Limited Liability Company; and SUNG-FUNG CHOI (A/K/A NORMAN CHOI) an individual,**

**Defendants.**

**No. 1:23-cv-09809 (ALC)**

**PROTECTIVE ORDER**

ANDREW L. CARTER, JR, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial jurisdictional discovery phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order**—**including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order-shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Jurisdictional Discovery Material" (i.e., information of any kind provided in the jurisdictional discovery phase in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Jurisdictional Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Jurisdictional Discovery Material may designate as Confidential only such portion of such material as consists of:

   a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

   b. previously nondisclosed material relating to ownership or control of any non-public company;

   c. previously nondisclosed business plans, product development information, or marketing plans;

   d. any information of a personal or intimate nature regarding any individual; or

   e. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Jurisdictional Discovery Material, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Jurisdictional Discovery Material with the confidential information redacted.

4. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Jurisdictional Discovery Material that that person

previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Jurisdictional Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Jurisdictional Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the parties to this action;

b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel.

6. All Jurisdictional Discovery Material produced in the above-captioned action may only be used in that action and no other pending or future action.

7. All Confidential Jurisdictional Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Jurisdictional Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Jurisdictional Discovery Material itself, and not text that in no material way reveals the Confidential Jurisdictional Discovery Material.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 2 of this Court's Individual Practices in Civil Cases.

9. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Jurisdictional Discovery

Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

10. Each person who has access to Jurisdictional Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 2 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Jurisdictional Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*/s/ Lawrence J.H. Liu*

Dated: September 5, 2025
Los Angeles, CA

*/s/ Paul Werner*

Dated: September 5, 2025
Washington, District of Columbia

**SO ORDERED.**

Dated: September 11, 2025

New York, New York

ANDREW L. CARTER, JR, U.S.D.J.

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CARMEN JORDA, an individual,**

**Plaintiff,**

**v.**

**DE TOMASO AUTOMOBILI HOLDINGS, N.A. LLC a Delaware Limited Liability Company; and SUNG-FUNG CHOI (A/K/A NORMAN CHOI) an individual,**

**Defendants.**

**No. 1:23-cv-09809 (ALC)**

**NON-DISCLOSURE AGREEMENT**

I, _______________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Jurisdictional Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Jurisdictional Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all jurisdictional discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ___________________ ________________________________