

Hon. Andrew L. Carter Jr.
United States District Court
Southern District of New York
ALCarterNYSDChambers@nysd.uscourts.gov

        Subject:    <u>*Jorda v. DeTomaso Automobili Holdings, N.A., et. al.* (No. 1:23-cv-09809)</u>
                            Plaintiff's Request for Informal Discovery Conference

Dear Judge Carter,

      On behalf of Plaintiff Carmen Jorda, we respectfully write the Court to request a pre-motion informal discovery conference ("IDC") to address deficiencies in Defendants' responses to Plaintiff's jurisdictional discovery requests, as well as an extension of the October 9, 2025 deadline to conduct jurisdictional discovery to resolve these issues.[1]

      Prior to the submission of this letter brief, Plaintiff served Defendants a meet-and-confer letter on September 26, 2025, and met and conferred with Defendants via videoconference on October 6, 2025, to discuss the issues explained below.[2] Following these attempts to meet and confer, the parties were unable to resolve their disputes.

      **1.**      <u>**Defendants' Improper Objections Refusal to Identify Documents Withheld**</u>

      First, Defendants have provided evasive responses to Plaintif's jurisdictional discovery requests ("Plaintiff's Requests"). Plaintiff served Requests for Production of Documents ("RFPs") to Defendants relating to the three categories expressly permitted by the Court's Discovery Order (ECF No. 98):

- All documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York;
- All documents showing the extent of Choi's presence, business, or dealings in New York; and
- All documents showing the extent of Defendants' presence, transactions, and dealings in New York that directly related to the agreement alleged in this case.

---

[1] True and correct copies of Defendants' discovery responses and objections are attached as **Exhibits A-F**.

[2] True and correct copies of Defendants' Meet-and-Confer Letter dated September 26, 2025, and email following videoconference on October 6, 2025, are attached as **Exhibits G and H**, respectively. Plaintiff incorporates herein by reference the points and authorities in these letters.

Defendants, however, deliberately misinterpreted the Court's discovery order, stating that *no RFPs were permitted*. In particular, Defendants provided the same two-sentence objection to every single RFP instead of a substantive response:

> [Defendant] objects to Request No. [x] because it goes beyond the scope of the limited jurisdictional discovery granted the Court's Order. ECF No. 98. **The Order does not allow for the parties to submit requests for production.**

Despite this gross misinterpretation of the Court's Order, Defendants still produced some documents but did not identify to which categories such documents were responsive—leaving Plaintiff unable to determine which RFPs Defendants complied with, and what documents were being withheld and why. These responses are non-compliant. "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C); *see also* Adv. Comm. Notes, 2015 Amnt.

Defendants are required to respond to each RFP stating that they will comply or are unable to comply and why. Based on a review of the documents produced by Defendants, it is clear that Defendants have also refused to produce various categories of documents specifically requested by Plaintiff. For example, despite producing numerous emails and travel documentation relating to former DeTomaso CEO, Ryan Berris, Defendants have produced virtually none for Choi. Defendants further refused to produce documents relating to Defendants' purchase or use of the apartment complex located at 35 Hudson Yards in New York City, stating that Choi did not purchase the apartment himself, and that the entity used by him to purchase the property is not a party to the case. *See* Ex. H.

Defendants produced less than 100 pages of documents for Choi, which are comprised mostly of redacted tax documents, immigration forms, and his daughter's acceptance letters for ballet classes in New York. Defendants also refused to explain what responsive documents were withheld and refused to provide a privilege log identifying the basis of asserted privacy objections, attorney client privilege, and trade secret privilege. Rather, Defendants argued that no documents were being withheld on the basis of privilege and therefore no privilege log was needed. Defendants continue to hide the ball as to whether a diligent search for responsive documents was made, and what missing responsive documents exist but have been withheld and why.

2.  **Defendants' Responses Improperly Exclude Entities Controlled by Choi**

Next, Defendants have applied an improperly narrow interpretation of the party definitions and pronouns in their responses to *all* of Plaintiff's Requests. Under Local Rule 26.3(a), uniform definitions are "deemed incorporated by reference into all discovery requests." "The terms



'plaintiff' and 'defendant' as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries, or affiliates." L.R. 26.3(c)(5). Plaintiff's party definitions—"DETOMASO," "CHOI," "YOU," YOUR," and "JORDA"—each incorporate these uniform definitions.

In their improper general objections,[3] Defendants objected to the party definitions and pronouns, stating that they have narrowly construed such definitions to mean "De Tomaso Automobili Holdings N.A. LLC" and "Sung Fung Choi a/k/a Norman Choi"—"*and no other person or entity.*" Defendants asserted in their objections that each Defendant is responding on behalf of himself or itself "and no other person or entity." Such a narrow interpretation defies both Local Rule 26.3 and the definitions provided in Plaintiff's requests and are designed to frustrate Plaintiff's discovery—particularly where Plaintiff has alleged, and Defendants do not dispute that DeTomaso is indirectly, wholly owned by Choi through various shell companies. *See* SAC (ECF No. 41), ¶ 33 [alter ego allegations showing Choi as 100% ultimate beneficial owner of DeTomaso].

Plaintiff is entitled to all documents in Defendants' "*possession, custody, or control,*" even if such documents belong or are related to a non-parties to this lawsuit. *See* Fed. R. Civ. P. 34(a)(1). "Control for the purposes of discovery is broadly defined and includes situations where the party 'has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.'" *Raimey v. Wright Nat'l Flood Ins. Co.*, 76 F. Supp. 3d 452, 470 (E.D.N.Y. 2014). "Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary." *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 CIV. 3016(AGS)(HB), 2002 WL 1835439, at *4 (S.D.N.Y. 2002) ("*Fox*")). "A party's control over third-party documents extends to the records of a corporation for which the party serves as an officer." *Wiwa v. Royal Dutch Petroleum Co.*, No. 01CIV1909(KMW)(HBP), 2009 WL 529224, at *2 (S.D.N.Y. 2009). Furthermore, "[a] party served with interrogatories is obliged to respond by 'furnish[ing] such information as is available to the party.' [Defendant] therefore is obliged to respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it." *See Fox*, 2002 WL 1835439, at *3.

Thus, Defendants must be ordered to supplement their responses and document production to address the missing information regarding entities controlled by Choi.

\* \* \*

Accordingly, Plaintiff requests the Court conduct an IDC as soon as possible to resolve these discovery issues, and to extend the October 9th  discovery deadline at least four weeks or until appropriate time for these disputes to be resolved.[4]

---

[3] General objections "have been universally held to be impermissible." *Underwriters at Int. v. Fed. Exp. Corp.*, No. 88 CIV. 0266 (KC), 1988 WL 56747, at *1 (S.D.N.Y. 1988); *see also Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. 2017).

[4] Plaintiff has also concurrently filed her Consent to refer this case to Magistrate Judge Gabriel W. Gorenstein to help relieve further burden on the Court's docket. *See* ECF No. 30.



Very truly yours,

Lawrence J.H. Liu
lawrence@frostllp.com
FROST LLP
Attorneys for Plaintiff Carmen Jorda