# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CARMEN JORDA, an individual,

      Plaintiff,

   v.

DE TOMASO AUTOMOBILI HOLDINGS,
N.A. LLC a Delaware Limited Liability
Company; and SUNG-FUNG CHOI (A/K/A
NORMAN CHOI) an
individual,

      Defendants.

No. 1:23-cv-09809 (ALC)

**<u>DEFENDANT SUNG-FUNG CHOI (a/k/a NORMAN CHOI)'S RESPONSE TO
PLAINTIFF CARMEN JORDA'S FIRST SET OF REQUEST FOR ADMISSION</u>**

Defendant Sung-Fung Choi (a/k/a Norman Choi) ("Choi" or "Defendant") responds to Plaintiff Carmen Jorda's ("Jorda" or "Plaintiff") Requests For Admission, Set One, as follows:

## PRELIMINARY STATEMENT

Defendant reserves the right to use information discovered after the date of his Responses to Plaintiff's Requests, which is now known but whose relevance, significance, or applicability has not yet been ascertained. Defendant's Responses are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.      The right to question or object to the authenticity, foundation, relevancy, materiality, privilege, and admissibility of the information produced in response to Jorda's Requests in any subsequent proceeding in, or trial of, this or any other action;

2.      The right to object to the use of information or documents produced in response to the Requests in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Requests or Responses into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Requests or the Responses to these Requests.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests.

1.      Choi objects to the Requests to the extent they purport to impose obligations that exceed the scope of limited jurisdictional discovery granted Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

2.     Choi objects to the Requests to the extent they purport to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.     Choi objects to any and all Requests to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

4.     Choi objects to any and all Requests to the extent they seek confidential or proprietary information.

5.     Choi objects to any and all Requests to the extent they seek information protected or limited by the European Union's General Data Protection Regulation ("GDPR").

6.     Choi objects to the Requests to the extent they seek information that is not within Defendant's possession, custody, or control.

7.     Choi objects to the Requests to the extent that they are unduly burdensome or expensive, or seek to impose upon the Defendant an undue expense or burden that Jorda should properly bear.

8.     Choi objects to the Requests to the extent that they seek information that is irrelevant to the issues presented by Jorda's Second Amended Complaint, or they seek information not reasonably calculated to lead to the discovery of admissible evidence related to jurisdictional discovery.

9.      Choi objects to the Requests to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response. By responding to any Request, Choi does not adopt any meaning Jorda may intend or have in mind, and Choi expressly reserves the right to object to the use or introduction of any Response that mischaracterizes or takes the Defendant's Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

10.     Choi objects to the Requests to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

11.     Choi objects to the Requests to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested documents or information.

12.     Choi objects to the Requests to the extent they call for information that is already in the possession of or equally available to Jorda or her counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

13.     Choi reserves its right to challenge the competency, relevancy, materiality, or admissibility at hearing of any of the information or documents it provides in response to these Requests.

14.     Choi's Responses are based upon the best information currently available to him. Choi reserves the right to amend, supplement, or correct his Responses if and when he discovers other or additional information.

## OBJECTIONS TO DEFINITIONS

1.      Choi objects to the definitions of "YOU," or "YOUR" on the grounds that they are vague, ambiguous, and overbroad.  Choi is responding on behalf of himself, and no other person or entity.

2.      Choi objects to the definition of "DETOMASO" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on his behalf in the past without any limiting time period.  To the extent Choi's Responses refer or relate to "DETOMASO," Choi is referring or relating only to De Tomaso Automobili Holdings N.A. LLC, named Defendant in this matter.

3.      Choi objects to the definition of "BERRIS" as misleading to the extent it characterizes Ryan Berris as Choi's former chief executive officer.  To the extent Choi's Responses refer or relate to "BERRIS," Choi is referring or relating only to the former chief executive officer of De Tomaso Automobili Holdings N.A. LLC.

4.      Choi objects to the definition of "JORDA" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on her behalf in the past without any limiting time period.  To the extent Choi's Responses refer or relate to "JORDA," Choi is referring or relating only to Carmen Jorda, named Plaintiff in this action.

5.      Choi objects to the definition of the "2021 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent Choi's Responses refer or relate to "2021 AGREEMENT," Choi is referring or relating only to the document attached as Exhibit A to Jorda's Declaration (ECF No. 64-9).

6.      Choi objects to the definition of the "2022 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it

characterizes that document as valid and enforceable contract.  To the extent Choi's Responses refer or relate to "2022 AGREEMENT," Choi is referring or relating only to the document attached as Exhibit B to Jorda's Second Amended Complaint (ECF No. 41-2).

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that between 2020 to 2022, YOU have regularly traveled to New York to conduct business on behalf of DETOMASO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Choi objects to RFA No. 1 because the undefined terms and phrases "regularly" and "conduct business" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definition Jorda may have in mind.  Choi also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi admits that he at times traveled to New York to meet with Berris related to De Tomaso business.

**REQUEST FOR ADMISSION NO. 2:**

Admit YOU have purchased an apartment located at 35 Hudson Yards in New York City.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Choi objects to RFA No. 2 because it is not bound by a reasonable time period related to the allegations in Jorda's complaint.  Choi also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information,

information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU authorized the hiring of BERRIS as CEO for DETOMASO in or around mid-2020.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Choi objects to RFA No. 3 because the undefined phrase "in or around mid-2020" is vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definition Jorda may have in mind. Choi further objects to the extent this RFA calls for a legal conclusion, or seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi admits that De Tomaso's LLC Agreement was executed on September 3, 2020, and reflects Berris' title as CEO.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU authorized the engagement of JORDA in September 2021 to help promote DETOMASO's brand and business.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Choi objects to RFA No. 4 because the undefined phrases "engagement," "help promote," and "brand and business" are vague and ambiguous. In responding to this RFA, Choi

does not adopt whatever definitions Jorda may have in mind.  Choi further objects to the extent this RFA calls for a legal conclusion, or seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOUR spouse and children currently reside in New York City.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Choi objects to RFA No. 5 because the undefined word "reside" is vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind. Choi further objects to the extent this RFA calls for a legal conclusion, or seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have applied for an O-1 immigration visa.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Choi objects to RFA No. 6 because it is not bound by a reasonable time period related to the allegations in Jorda's complaint.  Choi also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or

information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi admits that he applied for an O-1 nonimmigrant work visa.

**REQUEST FOR ADMISSION NO. 7:**

Admit that from 2020 to 2022, you met with BERRIS multiple times in New York City regarding DETOMASO's business.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Choi objects to RFA No. 7 because the undefined terms and phrases "met with," "multiple times," and "De Tomaso's business" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definition Jorda may have in mind.  Choi also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi admits that he occasionally met with Berris in New York City related to De Tomaso.

**REQUEST FOR ADMISSION NO. 8:**

Admit that YOU authorized the use of JORDA's image and likeness to promote DETOMASO's brand.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Choi objects to RFA No. 8 because the undefined words "use" and "promote" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi further objects because this RFA calls for a legal conclusion.  Choi objects because this RFA is not bound by any specific time frame, including one relevant to the allegations in Jorda's complaint.  Choi objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 9:**

Admit that in September 2021, YOU met with JORDA in New York City to travel together and attend a car show in the Hamptons called "The Bridge."

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Choi objects to RFA No. 9 because the undefined phrase "travel together" is vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi admits that both he and Jorda attended a car show in the Hamptons called "The Bridge" in September 2021.

**REQUEST FOR ADMISSION NO. 10:**

Admit YOU own or maintain a car in New York that you have used for personal or business purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Choi objects to RFA No. 10 because the undefined words and phrases "maintain" and "personal or business purposes" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind. Choi objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOU attended the "Meet 'Isabelle'" event in New York City on or around September 16, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Choi objects to RFA No. 11 because the undefined words and phrases "Meet Isabelle event" and "on or around September 16, 2021" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind. Choi objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product

doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi admits he attended an event in New York City related to De Tomaso's Meet Isabelle campaign in September 2021.

**REQUEST FOR ADMISSION NO. 12:**

Admit YOU and YOUR family, for the purposes of YOUR children's education, have lived in New York City for the school year.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Choi objects to RFA No. 12 because the undefined words and phrases "family" and "lived in" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi objects to the extent this RFA seeks legal conclusions or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi admits his daughter attended a ballet academy in New York City during the 2023 and 2024 academic school years.

**REQUEST FOR ADMISSION NO. 13:**

Admit YOU sought assistance from the New York-based firm Wildes & Weinberg, P.C. to immigrate to New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Choi objects to RFA No. 13 because the undefined words and phrases "sought assistance" and "immigrate" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi objects because this RFA is not bound by any specific time frame, including one relevant to the allegations in Jorda's complaint.  Choi objects because this RFA seeks legal conclusions.   Choi further objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi denies he sought "to immigrate to New York."  Choi admits that he obtained a visa to temporarily visit New York.

**REQUEST FOR ADMISSION NO. 14:**

Admit DETOMASO purchased a vehicle for YOUR use while YOU are in New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Choi objects to RFA No. 14 because the undefined phrase "your use" is vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi admits that De Tomaso paid for a car registered under a non-party to this litigation outside of New York.

**REQUEST FOR ADMISSION NO. 15:**

Admit YOU worked with attorneys from the New York office of Loeb & Loeb on corporate legal issues relating to DETOMASO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Choi objects to RFA No. 15 because the undefined phrases "worked with" and "corporate legal issues" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind. Choi objects to the extent this RFA seeks legal conclusions or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi denies he retained Loeb & Loeb attorneys to perform work on corporate legal issues on his behalf.

**REQUEST FOR ADMISSION NO. 16:**

Admit YOU have engaged in multiple business meetings in New York on behalf of DETOMASO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Choi objects to RFA No. 16 because the undefined phrases "multiple" and "business meetings" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind. Choi objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding

-13-

trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows:  Choi admits he occasionally attended business meetings in New York related to De Tomaso.

**REQUEST FOR ADMISSION NO. 17:**

Admit YOU have signed or otherwise entered contracts on behalf of DETOMASO in New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Choi objects to RFA No. 17 because the undefined phrases "otherwise entered," "contracts," "on behalf of" and "in New York" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi objects because this RFA is not bound by any specific time frame, including one relevant to the allegations in Jorda's complaint.  Choi objects to the extent this RFA seeks legal conclusions or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi is unable to admit or deny this after a reasonable inquiry because he does not recall where he was when he signed any particular contract for De Tomaso.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU have sought banking services from New York branch offices for various banks on behalf of DETOMASO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Choi objects to RFA No. 18 because the undefined phrases "banking services," "various banks" and "on behalf of" are vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind.  Choi objects to the extent this RFA seeks legal conclusions or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU have not visited DETOMASO's office in Connecticut from 2020 to 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Choi objects to RFA No. 19 because the undefined phrase "De Tomaso's office in Connecticut" is vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definition (or address) Jorda may have in mind.  Choi also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

-15-

Subject to and without waiving his objections, Choi responds as follows: Choi admits he did not visit any Connecticut office associated with De Tomaso from 2020 to 2022.

**REQUEST FOR ADMISSION NO. 20:**

Admit there was at least one year, from 2018 to present, YOU were physically in New York more than Hong Kong.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Choi objects to RFA No. 20 to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi admits that in 2023 and 2024 he spent more time physically in New York than in Hong Kong.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU are the ultimate majority shareholder of DETOMASO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Choi objects to RFA No. 21 because the undefined word "ultimate" is vague and ambiguous.  In responding to this RFA, Choi does not adopt whatever definition Jorda may have in mind, or respond for any other entity.  Choi also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Denied.

-16-

**REQUEST FOR ADMISSION NO. 22:**

Admit that from 2020 to 2022, you have engaged in more trips to New York than Connecticut for purposes of conducting business related to DETOMASO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Choi objects to RFA No. 22 because the undefined phrases "engaged in more trips" and "conducting business" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definition Jorda may have in mind. Choi also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi admits he traveled more frequently to New York than to Connecticut related to De Tomaso business.

**REQUEST FOR ADMISSION NO. 23:**

Admit that in the BERRIS ACTION, Judge Arun Subramanian of the Southern District of New York found that the court had personal jurisdiction over YOU in connection with BERRIS' breach of contract claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Choi objects to RFA No. 23 because it calls for a legal conclusion. Choi further objects to RFA No. 23 because the undefined term "personal jurisdiction" and "breach of contract claims" are vague and ambiguous, and fail to distinguish between general and specific jurisdiction, or name any particular claim.

**REQUEST FOR ADMISSION NO. 24:**

Admit that YOU met with JORDA during the "Meet 'Isabelle'" event in New York City on or around September 16, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Choi objects to RFA No. 24 because the undefined terms and phrases "met with" and "Meet Isabelle event" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definition Jorda may have in mind. Choi also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, Choi responds as follows: Choi admits he and Jorda attended an event at Cipriani in New York City on September 16, 2021.

**REQUEST FOR ADMISSION NO. 25:**

Admit YOU maintain sole and executive decision-making authority over DETOMASO's finances and operations, such that YOU are not required to obtain consent or authorization regarding decisions related to DETOMASO's business operations.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Choi objects to RFA No. 25 because the undefined words "decision-making authority," "finances and operations," "consent or authorization," and "business operations" are vague and ambiguous. In responding to this RFA, Choi does not adopt whatever definitions Jorda may have in mind. Choi further objects because this RFA calls for a legal conclusion. Choi objects because this RFA is not bound by any specific time frame, including one relevant to the

allegations in Jorda's complaint.  Choi objects to the extent this RFA seeks information protected

by the attorney-client privilege or the work-product doctrine, or information regarding trade

secrets, confidential and/ or proprietary business information, information subject to

confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or

legal protection.

   Subject to and without waiving his objections, Choi responds as follows:  Denied.


Dated:  September 11, 2025      SHEPPARD MULLIN
               RICHTER & HAMPTON LLP

               /s/ *Paul Werner*
               Paul Werner (*pro hac vice*)
               Imad Matini (*pro hac vice*)
               Hannah Wigger (*pro hac vice*)
               Alexandra Bustamante (*pro hac vice forthcoming*)
               2009 Pennsylvania Ave NW
               Washington, D.C. 20006
               Telephone: 202.747.1932
               pwerner@sheppardmullin.com
               imatini@sheppardmullin.com
               hwigger@sheppardmullin.com
               abustamante@sheppardmullin.com

               Bradley M. Rank
               30 Rockefeller Plaza
               New York, NY 10112
               Telephone: 212.653.8700
               brank@sheppardmullin.com

               *Attorneys for Defendant Choi*

-19-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 11, 2025, the foregoing document was served via

electronic mail and first class mail to the following counsel of record:

Chris Frost
John Desmond Maatta
Jeffrey C. Bogert
Lawrence J.H. Liu
Frost LLP
10960 Wilshire Blvd, Ste 1260
Los Angeles, CA 90024
424-254-0441
Chris@frostllp.Com
John@frostllp.Com
Jeff@frostllp.Com
Lawrence@frostllp.Com

Peter Pottier
10 Confucius Plaza Ste 15k 10002
New York, NY 10002
646-279-9910
Peter@frostllp.Com

Simon Joel Kasha Miller
Raines Feldman, LLP
1350 Avenue Of The Americas Ste 22nd Floor
New York, NY 10019
917-790-7105
Smiller@raineslaw.Com

By: <u>*s/ Hannah Wigger*</u>

-20-