# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CARMEN JORDA, an individual,

       Plaintiff,

      v.

DE TOMASO AUTOMOBILI HOLDINGS,
N.A. LLC a Delaware Limited Liability
Company; and SUNG-FUNG CHOI (A/K/A
NORMAN CHOI) an individual,

       Defendants.

No. 1:23-cv-09809 (ALC)

### DEFENDANT SUNG-FUNG CHOI (a/k/a NORMAN CHOI)'S ANSWERS TO PLAINTIFF CARMEN JORDA'S FIRST SET OF INTERROGATORIES

Defendant Sung-Fung Choi (a/k/a Norman Choi) ("Choi" or "Defendant") responds to Plaintiff Carmen Jorda's ("Jorda" or "Plaintiff") First Set of Interrogatories, as follows:

## PRELIMINARY STATEMENT

Defendant reserves the right to use information discovered after the date of his Responses to Plaintiff's Interrogatories, which is now known but whose relevance, significance, or applicability has not yet been ascertained. Defendant's Answers are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.    The right to question or object to the authenticity, foundation, relevancy, materiality, privilege, and admissibility of the information produced in response to Jorda's Interrogatories in any subsequent proceeding in, or trial of, this or any other action;

2.    The right to object to the use of information or documents produced in response to the Interrogatory in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.    The right to object to the introduction of the Interrogatories or Answers into evidence; and

4.    The right to object on any ground at any time to other discovery involving the subject matter of these Interrogatories or the Answers to these Interrogatories.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories.

1.    Choi objects to the Interrogatories to the extent they purport to impose obligations that exceed the scope of limited jurisdictional discovery granted Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

-1-

2.      Choi objects to the Interrogatories to the extent they purport to impose obligations that exceed those imposed by New York law, the Federal Rules of Civil Procedure, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.      Choi objects to any and all Interrogatories to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

4.      Choi objects to any and all Interrogatories to the extent they seek confidential or proprietary information.

5.      Choi objects to any and all Interrogatories to the extent they seek information protected or limited by the European Union's General Data Protection Regulation ("GDPR").

6.      Choi objects to the Interrogatories to the extent they seek information that is not within his possession, custody, or control.

7.      Choi objects to the Interrogatories to the extent that they are unduly burdensome or expensive, or seek to impose upon Defendant an undue expense or burden that Jorda should properly bear.

8.      Choi objects to the Interrogatories to the extent that they seek information that is irrelevant to the issues presented by Jorda's Second Amended Complaint, or they seek information not reasonably calculated to lead to the discovery of admissible evidence related to jurisdictional discovery.

9.     Choi objects to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By answering any Interrogatory, Choi does not adopt any meaning Jorda may intend or have in mind, and Choi expressly reserves the right to object to the use or introduction of any response that mischaracterizes or takes Defendant's response out of context or attempts to apply the response to a unilateral definition of a particular inquiry.

10.    Choi objects to the Interrogatories to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

11.    Choi objects to the Interrogatories to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested documents or information.

12.    Choi objects to the Interrogatories to the extent they call for information that is already in the possession of or equally available to Jorda or her counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

13.    Choi reserves his right to challenge the competency, relevancy, materiality, or admissibility at hearing of any of the information or documents he provides in response to these Interrogatories.

14.    Choi's Answers are made subject to his right to object to the extent they seek information or documents the production of which without appropriate safeguards would violate privacy rights protected by the privacy laws of any country or state from which information or documents are sought, the privacy obligations of any federal laws, confidentiality agreements,

arrangements or understandings between or among Choi and other persons, the confidentiality of settlement discussions or agreements, court or agency orders, or regulations or procedures restricting or prohibiting the disclosure of particular information or documents.  Choi further objects to any and all Interrogatories to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights and expectations of current or former employees of the Defendant or any current or former affiliates or related companies or subsidiaries, or other individuals, to the extent that such privacy rights and expectations are protected by law or public policy.

15.    Choi's Answers are based upon the best information currently available to him. Choi reserves the right to amend, supplement, or correct his Answers if and when he discovers other or additional information.

## OBJECTIONS TO DEFINITIONS

1.    Choi objects to the definitions of "YOU," or "YOUR" because they are vague, ambiguous, and overbroad.  Choi is responding on behalf of himself, and no other person or entity.

2.    Choi objects to the definition of "DETOMASO" because it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on his behalf in the past without any limiting time period.  To the extent Choi's Responses refer or relate to "DETOMASO," Choi is referring or relating only to De Tomaso Automobili Holdings N.A. LLC, named Defendant in this matter.

3.    Choi objects to the definition of "JORDA" because it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on her behalf in the past without any limiting time period.  To the extent Choi's Responses refer or relate to "JORDA," Choi is referring or relating only to Carmen Jorda, named Plaintiff in this action.

4.       Choi objects to the definition of "BERRIS" as misleading to the extent it characterizes Ryan Berris as Choi's former chief executive officer.  To the extent Choi's Responses refer or relate to "BERRIS," Choi is referring or relating only to the former chief executive officer of De Tomaso Automobili Holdings N.A. LLC.

5.       Choi objects to the definition of the "2021 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent Choi's Responses refer or relate to "2021 AGREEMENT," Choi is referring or relating only to the document attached as Exhibit A to Jorda's Declaration (ECF No. 64-9).

6.       Choi objects to the definition of the "2022 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent Choi's Responses refer or relate to "2022 AGREEMENT," Choi is referring or relating only to the document attached as Exhibit B to Jorda's Second Amended Complaint (ECF No. 41-2).

7.       Choi objects to the definition of "35 HUDSON YARDS" " because it is vague, ambiguous, and overbroad to the extent it refers to "any" property located at that address without any limiting time period.  De Tomaso also objects to this definition as misleading to the extent it characterizes CHOI or CHOI's family as having resided there.  To the extent De Tomaso's Responses refer or relate to "35 HUDSON YARDS," De Tomaso is referring or relating only the property currently located at 35 Hudson Yards, New York, NY 10001.

## OBJECTIONS TO INSTRUCTIONS

1.       Choi objects to Instruction No. 13 to the extent it seeks impose obligations that exceed those imposed by New York law, the Federal Rules of Civil Procedure, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  Choi also

objects to the extent Instruction No. 13 seeks information from anyone else acting, or who has so

acted, on behalf of including, but not limited to, any of its agents, representatives, employees

(current and former), affiliates, predecessors, successors, assigns, principals, independent

contractors, managers, consultants, attorneys, accountants, and each and every person acting on

its behalf or at his direction or on whose behalf they were acting.  Choi is responding on behalf

of himself, and no other person or entity.

**ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify all business activities that YOU performed, conducted, or in which YOU

participated, in the State of New York from 2014 to present, including the nature and purpose of

the activities and the date such activities took place.

**ANSWER TO INTERROGATORY NO. 1:**

Choi objects to Interrogatory No. 1 because the undefined terms "business activities,"

"performed," "conducted," and "participated" are vague, ambiguous, and render the

Interrogatory overbroad and unduly burdensome.  Choi further objects to this Interrogatory

because it is overbroad and unduly burdensome to the extent it requires Choi to identify "all" of

his business activities in New York from 2014 to the present.  Choi objects to this Interrogatory

as harassing, overly broad, and unduly burdensome because it is not bound by a time period

relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order

on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, Choi answers as follows:

Choi has participated in multiple business activities all around the world, including in the state of

New York, throughout the span of multiple years.  Choi does not keep a calendar or planner and

cannot list every single occasion he has taken business trips to the state of New York.  However,

Choi participated in business related activities in the state of New York on or about the following occasions:

- July 22, 2021, in Purchase, New York, met with representative from Miller Motors;

- July 30, 2021, in Monticello, New York for the purpose of conducting a driving demo for Apollo IE;

- September 7, 2021, in New York, New York, for the purpose of a photoshoot;

- September 8, 2021, in New York, New York, for the purpose of a meeting with Ash Thorp;

- September 10, 2021, in New York, New York, for the purpose of P72 development testing at Greenwood Lake Airport in New York;

- September 16, 2021, in New York, New York, for the purpose of the "Meet Isabelle" event;

- September 26, 2021, in New York, New York, for the purpose of filming at Canoe Studios;

- December 4, 2021, in New York, New York, for the purpose of dinner with a client; and

- On or around late April 2022, in New York, New York, several times for the purpose of a potential special purpose acquisition company ("SPAC") transaction for De Tomaso, which was never finalized.  Specific dates unrecalled.

Additionally, Choi directs Plaintiff to documents produced in response to the Court's Order requiring production of "[a]ll documents showing the extent of Choi's presence, business, or dealings in New York," from which Plaintiff can derive the information sought by this Interrogatory.  ECF No. 98.

## INTERROGATORY NO. 2:

Identify any real, personal, residential, commercial, or tangible property YOU have owned, leased, rented, purchased, or held, in the State of New York at any time, and for each, the current status, location, and disposition of such property.

**ANSWER TO INTERROGATORY NO. 2:**

Choi objects to Interrogatory No. 2 because the undefined terms "real, personal, residential, commercial, or tangible party," "purchased," "held," "status," and "disposition" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any" such property.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi has not owned any real, personal, residential, commercial, or tangible property in the State of New York.

**INTERROGATORY NO. 3:**

Identify any and all business meetings that took place in the State of New York in which YOU were involved or for the benefit of your personal or business interests.

**ANSWER TO INTERROGATORY NO. 3:**

Choi objects to Interrogatory No. 3 because the undefined terms "business meetings," "involved," "benefit," and "personal or business interests" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "[a]ny and all" such meetings.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional

Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks a legal conclusion or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi hereby incorporates his answer to Interrogatory No. 1 and the documents produced in response to the Court's Order requiring production of "[a]ll documents showing the extent of Choi's presence, business, or dealings in New York."  ECF No. 98.

## INTERROGATORY NO. 4:

Identify any and all banking or financial accounts YOU have opened, held, or maintained in the State of New York, including the names of the financial institutions, the dates when such accounts were opened, held, and/or maintained, and the purpose for the accounts.

## ANSWER TO INTERROGATORY NO. 4:

Choi objects to Interrogatory No. 4 because the undefined terms "banking or financial accounts," "opened," "held," and "maintained" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" of banking or financial accounts.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product

doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.  Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi does not have any banking or financial accounts in the state of New York.

**INTERROGATORY NO. 5:**

Identify any and all documents issued to YOU by any U.S. government agency that reflect your residential address in the State of New York.

**ANSWER TO INTERROGATORY NO. 5:**

Choi objects to Interrogatory No. 5 because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" documents.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks a legal conclusion or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.  Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi does not have any documents from any U.S. government agency that reflect a residential address in the State of New York.

**INTERROGATORY NO. 6:**

Identify any and all identification cards, driver's licenses, or voter registration issued to YOU by any U.S. government agency, including for each, the date of issuance, expiration date, and the government authority or agency issuing such document.

**ANSWER TO INTERROGATORY NO. 6:**

Choi objects to Interrogatory No. 6 because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" identification cards and driver's licenses.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks a legal conclusion or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi has not been issued an identification card, driver's license, or voter registration by a U.S. government agency.

**INTERROGATORY NO. 7:**

State YOUR current immigration status in the U.S., including the status of any pending or current immigration visa application, the date any visa was issued, purpose for such visa, and expiration date.

**ANSWER TO INTERROGATORY NO. 7:**

Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of Jorda's Complaint or the Court's jurisdictional discovery, especially as to information about the purpose for such visa. Choi also objects to this Interrogatory to the extent it seeks a legal conclusion or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi is the current holder of an O-1 Visa which was issued on January 15, 2025 and expires on January 1, 2028.

**INTERROGATORY NO. 8:**

Identify each and every instance in which you have stayed, lived, or resided in the State of New York, whether for short-term trips or long-term extended stay, including the purpose, location, and duration of each trip or stay.

**ANSWER TO INTERROGATORY NO. 8:**

Choi objects to Interrogatory No. 8 because the undefined terms "stayed," "lived," "resided," "short-term trips," and "long-term extended stay" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Choi further objects to this Interrogatory

because it is overbroad and unduly burdensome to the extent it requires Choi to identify "each

and every instance." Choi objects to this Interrogatory as harassing, overly broad, and unduly

burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited

jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional

Discovery ("Order") (ECF No. 98). Choi also objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege or the work-product doctrine, or

information regarding trade secrets, confidential and/ or proprietary business information,

information subject to confidentiality agreements with non-parties, and/ or any other applicable

claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows:

Choi has never permanently resided in New York nor has ever had the intention of permanently

staying in New York during any of his visits to the state. Choi frequently travels to New York

for the purpose of his daughter's ballet program, but does not have a complete record of all trips.

Additionally, Choi directs Plaintiff to documents produced in response to the Court's Order

requiring production of "[a]ll documents showing the extent of Choi's presence, business, or

dealings in New York." ECF No. 98.

**INTERROGATORY NO. 9:**

Identify any and all identification cards, driver's licenses, or voter registration issued to

YOUR spouse by any U.S. government agency, including for each, the date of issuance,

expiration date, and the government authority or agency issuing such document.

**ANSWER TO INTERROGATORY NO. 9:**

Choi objects to Interrogatory No. 9 as harassing, overly broad, and unduly burdensome.

Choi's family is not at issue in this case, and this Interrogatory is not bound by a time period

relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

**INTERROGATORY NO. 10:**

Identify the current immigration status of YOUR spouse and children, including the status of any pending or current immigration visa applications, the date any visas were issued, purpose for such visas, and expiration dates.

**ANSWER TO INTERROGATORY NO. 10:**

Choi objects to Interrogatory No. 10 as harassing, overly broad, and unduly burdensome. Choi's family is not at issue in this case, and this Interrogatory is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

**INTERROGATORY NO. 11:**

Identify any and all identification cards, driver's licenses, or voter registration issued to any of YOUR children by any U.S. government agency, including for each, the date of issuance, expiration date, and the government authority or agency issuing such document.

**ANSWER TO INTERROGATORY NO. 11:**

Choi objects to Interrogatory No. 11 as harassing, overly broad, and unduly burdensome. Choi's family is not at issue in this case, and this Interrogatory is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

**INTERROGATORY NO. 12:**

Describe any and all trips YOU made to the State of New York relating to any work on behalf of or for the benefit of DETOMASO, including but not limited to, the "Meet 'Isabelle'" event in September 2021, and for each trip, identify the dates, duration, and purpose.

**ANSWER TO INTERROGATORY NO. 12:**

Choi objects to Interrogatory No. 12 because the undefined terms "work," and "benefit" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" trips. Choi also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: For his work for De Tomaso, Choi participated in multiple business activities all around the world, including in the state of New York, throughout the span of multiple years. Choi does not keep a calendar or planner and cannot list every single occasion he has taken De Tomaso business trips to the state of New York. However, Choi participated in De Tomaso business related activities in the state of New York on or about the following occasions:

- July 22, 2021, in Purchase, New York, met with representative from Miller Motors;

- September 7, 2021, in New York, New York, for the purpose of a photoshoot;

- September 8, 2021, in New York, New York, for the purpose of a meeting with Ash Thorp;

- September 10, 2021, in New York, New York, for the purpose of P72 development testing at Greenwood Lake Airport in New York;

- September 16, 2021, in New York, New York, for the purpose of the "Meet Isabelle" event;

- September 26, 2021, in New York, New York, for the purpose of filming at Canoe Studios;

- December 4, 2021, in New York, New York, for the purpose of dinner with a client;

- On or around late April 2022, in New York, New York, several times for the purpose of a potential special purpose acquisition company ("SPAC") transaction for De Tomaso, which was never finalized. Specific dates unrecalled.

Additionally, Choi directs Plaintiff to documents produced in response to the Court's Order requiring production of "[a]ll documents showing the extent of Choi's presence, business, or dealings in New York," from which Plaintiff can derive the information sought by this Interrogatory. ECF No. 98.

## INTERROGATORY NO. 13:

Identify each and every instance YOU met with BERRIS in the State of New York, including the date, location, duration, and purpose of such meeting.

## ANSWER TO INTERROGATORY NO. 13:

Choi objects to Interrogatory No. 13 because the undefined term "met with" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome. Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "all" of his business activities in New York from 2014 to the present. Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

-16-

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi does not keep a calendar or planner and cannot list every single occasion he has had a business or personal meeting with Berris in the state of New York.  However, Choi and Berris met in New York on or about the following occasions:

- September 14, 2019, in Bridgehampton, New York, for the purpose of attending "The Bridge" event;

- July 20, 2021, in New York, New York, for the purpose of attending dinner;

- July 22, 2021, in Purchase, New York, met with representative from Miller Motors;

- July 30, 2021, in Monticello, New York for the purpose of conducting a driving demo for Apollo IE;

- August 1, 2021, in Hamptons, New York, for the purpose attending a car event;

- August 16, 2021, in New York, New York, at the airport for the purpose of boarding a flight from New York City to Los Angeles;

- August 18, 2021, in New York, New York, at the airport following a flight from Los Angeles to New York City;

- August 19, 2021, in New York, New York, for the purpose of attending a personal birthday dinner;

- August 26, 2021, in New York, New York, specific purpose unrecalled;

- September 7, 2021, in New York, New York, for the purpose of a photoshoot;

- September 8, 2021, in New York, New York, for the purpose of a meeting with Ash Thorp;

- September 10, 2021, in New York, New York, for the purpose of P72 development testing at Greenwood Lake Airport in New York;

- September 16, 2021, in New York, New York, for the purpose of the "Meet Isabelle" event;

- September 18, 2021, in Bridgehampton, New York, for the purpose of attending "The Bridge V, 2021" event;

-17-

- September 26, 2021, in New York, New York, for the purpose of filming at Canoe Studios;

- October 2, 2021, in New York, New York, at airport for the purpose of boarding a flight. Choi travelled from New York to Germany for personal reasons, and Berris travelled for a reason unknown to Choi;

- November 27, 2021, in New York, New York, at airport following a flight back from Germany;

- December 4, 2021, in New York, New York, for the purpose of dinner with a De Tomaso client;

- April 16, 2022, in New York, New York, specific purpose unrecalled;

- April 17, 2022, in New York, New York, specific purpose unrecalled;

- April 28, 2022, in New York, New York, for the purpose of a personal conversation; and

- On or around late April 2022, in New York, New York, several times for the purpose of a potential SPAC transaction for De Tomaso, which was never finalized. Specific dates unrecalled.

Additionally, Choi directs Plaintiff to documents produced in response to the Court's Order requiring production of "[a]ll documents showing the extent of Choi's presence, business, or dealings in New York," from which Plaintiff can derive the information sought by this Interrogatory. ECF No. 98.

**INTERROGATORY NO. 14:**

Identify each and every instance YOU met with JORDA, including the date, location (city and state), duration, and purpose of such meeting.

**ANSWER TO INTERROGATORY NO. 14:**

Choi objects to Interrogatory No. 14 because the undefined term "met with" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome. Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "each and every" time he met with Carmen JOrda. Choi objects to this

Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi met with Jorda on the following occasions:

- September 7, 2021, in New York, New York, for the purpose of a photoshoot;

- September 16, 2021, in New York, New York, for the purpose of the "Meet Isabelle" event;

- September 18, 2021, in Bridgehampton, New York, for the purpose of attending "The Bridge V, 2021" event as a guest; and

- September 10, 2021, in Greenwood Lake, New York, for the purpose of driving a De Tomaso P72 at a test track.

## INTERROGATORY NO. 15:

Identify any engagement by YOU with any law firms, accountants, consultants, or other professionals based in or operating in the State of New York, including for each, the purpose, dates, and duration for the engagement.

## ANSWER TO INTERROGATORY NO. 15:

Choi objects to Interrogatory No. 15 because the undefined terms "engagement," "consultant" and "other professionals" are vague and ambiguous. Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any" engagement. Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). Choi also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or

information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi engaged with the following entities operating in the State of New York:

- Choi engaged Wildes & Weinberg P.C. on September 5, 2021, for the purpose of processing visa application;

- Choi engaged Olive & Orient on November 14, 2024, for the purpose of processing visa application; and

- Choi engaged Mastery Productions, LLC on December 20, 2021, as an Agent/ Representative for his first O-1 visa application.

**INTERROGATORY NO. 16:**

Identify any job or employment held by YOU or YOUR spouse in the State of New York, including for each, the name of the employer, job title, and dates of employment.

**ANSWER TO INTERROGATORY NO. 16:**

Choi objects to Interrogatory No. 16 because the undefined term "job" is vague and ambiguous. Choi further objects because this Interrogatory is overbroad and unduly burdensome to the extent it requires Choi to identify "any" job or employment, including for persons other than himself. Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery to the extent

it seeks information relating to Choi's spouse's jobs or employment.  Choi's family is not at issue in this case.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi has not held a job or employment in the State of New York.

**INTERROGATORY NO. 17:**

Identify any and all sources of income YOU have ever received that is subject to state taxes in New York.

**ANSWER TO INTERROGATORY NO. 17:**

Choi objects to Interrogatory No. 17 because the undefined term "sources of income" is vague and ambiguous.  Choi further objects because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" sources of income.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks legal conclusions, or information protected by the attorney-client privilege or the work- product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi's income has not been subject to state taxes in New York.

**INTERROGATORY NO. 18:**

Identify all contracts or agreements YOU negotiated or entered into relating to the "Meet 'Isabelle'" event that took place in September 2021 in New York City, including for each, the

names of the contracting parties, locations where the agreement was negotiated and/or executed by each party, purpose of the agreement, nature of any work that was to be performed under the agreement, and/or location in which any terms of the agreement was actually performed.

**ANSWER TO INTERROGATORY NO. 18:**

Choi objects to Interrogatory No. 18 because the undefined terms "agreements," "purpose," and "negotiated" are vague and ambiguous. Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "all contracts or agreements." Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). Choi also objects to this Interrogatory to the extent it seeks legal conclusions, or information protected by the attorney-client privilege or the work- product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi did not negotiate or enter into any agreements or contracts relating to the "Meet Isabelle" event that took place in September 2021, in New York City.

**<u>INTERROGATORY NO. 19:</u>**

Identify any individuals or entities YOU hired or solicited to perform work either on YOUR behalf or on behalf of DETOMASO in the State of New York, including the names of such individuals or entities, scope of work, and dates and duration for such work to be performed.

**ANSWER TO INTERROGATORY NO. 19:**

Choi objects to Interrogatory No. 19 because the undefined terms "solicited," and "perform work" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any" individuals or entities.  Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi has not hired anyone to perform work for him in the State of New York.

**INTERROGATORY NO. 20:**

State whether YOU or any company in which you have held a majority interest has ever filed tax returns in the State of New York, and for each instance, the year and purpose for which such tax return was filed.

**ANSWER TO INTERROGATORY NO. 20:**

Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Choi also objects to this Interrogatory to the extent it seeks

information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: No company in which Choi has held a majority interest has filed tax returns in the State of New York.

## INTERROGATORY NO. 21:

Identify all individuals, including YOU or any of YOUR family members, who have stayed or resided in 35 HUDSON YARDS, including for each individual, the purpose, dates, and duration of each stay or residence.

## ANSWER TO INTERROGATORY NO. 21:

Choi objects to Interrogatory No. 21 as harassing, overly broad, and unduly burdensome. Choi's family is not at issue in this case, and this Interrogatory is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). In responding to this request, Choi responds only on behalf of himself. Choi further objects to Interrogatory No. 21 because it is overbroad and unduly burdensome to the extent it requires Choi to identify "all" individuals, and the "purpose" of why other people were in a certain location. Choi objects because the undefined terms "stayed or resided in" and "purpose" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Neither Choi nor his family permanently resides at 35 Hudson Yards. Choi is a resident of Hong Kong. Choi and his family stay at 35 Hudson Yards for the purpose of his daughter's ballet program in New York when that program is in session. Choi does not have a planner and cannot list every single occasion he has stayed at 35 Hudson Yards. While Choi and his family have not continuously resided at 35 Hudson Yards during these time periods, his daughter's ballet programs have run through the following dates:

- September 12, 2023 – November 20, 2023 (excluding October 9, Columbus Day)

- November 27, 2023 – December 15, 2023

- January 3, 2024 – March 24, 2024 (excluding January 15, Martin Luther King, Jr. Day; and February 19, Presidents Day)

- April 2, 2024 – May 15, 2024

- June 10, 2024 – August 2, 2024 (excluding June 19, Juneteenth; and July 4, Independence Day)

- September 10, 2024 –  November 24, 2024 (excluding October 14, Columbus Day; and November 11, Veterans Day)

- December 2, 2024 – December 13, 2024

- January 6, 2025 – March 22, 2025 (excluding January 20, Martin Luther King, Jr. Day; and February 17, Presidents Day)

- March 31, 2025 – April 18, 2025

- April 22, 2025 – May 15, 2025

- June 9, 2025 – August 1, 2025 (excluding June 19, Juneteenth; and July 4, Independence Day)

-25-

**INTERROGATORY NO. 22:**

Identify any and all sources of funding or financing for YOUR use, lease, or purchase of the residential property located at 35 HUDSON YARDS, including the identity of each source and the amount and nature of such funding or financing.

**ANSWER TO INTERROGATORY NO. 22:**

Choi objects to Interrogatory No. 22 because the undefined terms "use," "funding," "financing," and "source" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. Choi further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" sources of funding and financing for a property he does not own. Further, Choi objects to this Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control. Choi objects to this Interrogatory because it also seeks information that is irrelevant and outside the scope of limited jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi did not lease or purchase property located at 35 Hudson Yards and does not fund or finance it.

**INTERROGATORY NO. 23:**

Identify any and all loans or capital contributions made by YOU to DETOMASO at any time, including for each, the date, amount, and purpose of such loan or contribution.

**ANSWER TO INTERROGATORY NO. 23:**

Choi objects to Interrogatory No. 23 because the undefined terms "loans" or "capital contributions" and "purpose" are vague and ambiguous. Choi further objects that this Interrogatory is overbroad and unduly burdensome to the extent it requires Choi to identify "any

and all" loans or capital contributions. Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: Choi has never provided a loan or contribution to De Tomaso.

**INTERROGATORY NO. 24:**

Identify any and all loans or distributions made by DETOMASO to YOU at any time, including for each, the date, amount, and purpose of such loan or distribution.

**ANSWER TO INTERROGATORY NO. 24:**

Choi objects to Interrogatory No. 24 because the undefined terms "loan," "distributions" and "purpose" are vague and ambiguous. Choi further objects that this Interrogatory is overbroad and unduly burdensome to the extent it requires Choi to identify "any and all" loans or distributions. Choi objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). Choi objects to this Interrogatory because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

Subject to and without waiving any of the foregoing objections, Choi answers as follows: De Tomaso has never provided a loan or distribution to Choi.

**INTERROGATORY NO. 25:**

For each of the Requests for Admissions, Set One to YOU, to which YOUR response is a denial or otherwise not an unqualified admission, state all facts supporting that response.

**ANSWER TO INTERROGATORY NO. 25:**

Choi objects to Interrogatory No. 25 to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Choi objects to this Interrogatory to the extent it exceeds the obligations imposed by Fed. R. Civ. P. 36 (a)(4). To the extent applicable, Choi incorporates his objections to each of the following referenced Requests for Admission.

Subject to and without waiving any of the foregoing objections, Choi answers as follows:

- Denial to Request for Admission No. 2: Choi does not own the apartment located at 35 Hudson Yards in New York City.

- Denial to Request for Admission No. 4: De Tomaso only authorized the engagement of Jorda for the "Meet Isabelle" marketing campaign and no other engagement outside of that.

- Denial to Request for Admission No. 5: Choi objects to this Request because it is harassing and seeks information that is irrelevant and outside the scope of jurisdictional discovery.

- Denial to Request for Admission No. 8: Choi did not authorize any long term agreement for the use of Jorda's image and likeness to promote the De Tomaso brand.

- Denial to Request for Admission No. 10: Choi does not own a car registered under his name or in the state of New York.

- Denial to Request for Admission No. 18: Choi has not sought out banking services from New York branch offices.

- Denial to Request for Admission No. 21: De Tomaso is 100% owned by De Tomaso Automobili Holdings Limited, a Cayman Islands company.

-28-

- Denial to Request for Admission No. 23:  Choi objects to this Request because it calls for a legal conclusion.

- Denial to Request for Admission No. 25:  Per De Tomaso's LLC agreement, no individual Director has the authority to act for or bind the company without requisite consent of the Board.

Dated:  September 11, 2025       **SHEPPARD MULLIN RICHTER & HAMPTON LLP**

<u>/s/ *Paul Werner*</u>
Paul Werner (*pro hac vice*)
Imad Matini (*pro hac vice*)
Hannah Wigger (*pro hac vice*)
Alexandra Bustamante (*pro hac vice forthcoming*)
2009 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: 202.747.1932
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
abustamante@sheppardmullin.com

Bradley M. Rank
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
brank@sheppardmullin.com

*Attorneys for Defendant Choi*

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief.

Date: September 11, 2025 _____

Signature: _____

Sung Fung "Norman" Choi

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 11, 2025, the foregoing document was served via electronic mail and first class mail to the following counsel of record:

Chris Frost
John Desmond Maatta
Jeffrey C. Bogert
Lawrence J.H. Liu
Frost LLP
10960 Wilshire Blvd, Ste 1260
Los Angeles, CA 90024
424-254-0441
Chris@frostllp.Com
John@frostllp.Com
Jeff@frostllp.Com
Lawrence@frostllp.Com

Peter Pottier
10 Confucius Plaza Ste 15k 10002
New York, NY 10002
646-279-9910
Peter@frostllp.Com

Simon Joel Kasha Miller
Raines Feldman, LLP
1350 Avenue Of The Americas Ste 22nd Floor
New York, NY 10019
917-790-7105
Smiller@raineslaw.Com

By: *s/ Hannah Wigger*