# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN JORDA, an individual,<br><br>               Plaintiff,<br><br>        v.<br><br>DE TOMASO AUTOMOBILI HOLDINGS,<br>N.A. LLC a Delaware Limited Liability<br>Company; and SUNG-FUNG CHOI (A/K/A<br>NORMAN CHOI) and individual,<br><br>               Defendants. | No. 1:23-cv-09809 (ALC) |

**<u>DEFENDANT DE TOMASO AUTOMOBILI HOLDINGS N.A. LLC'S RESPONSE TO
PLAINTIFF CARMEN JORDA'S FIRST SET OF REQUEST FOR ADMISSION</u>**

Defendant De Tomaso Automobili Holdings N.A. LLC ("De Tomaso" or "Defendant") responds to Plaintiff Carmen Jorda's ("Jorda" or "Plaintiff") Requests For Admission, Set One, as follows:

## PRELIMINARY STATEMENT

Defendant reserves the right to use information discovered after the date of its Responses to Plaintiff's Requests, which is now known but whose relevance, significance, or applicability has not yet been ascertained. Defendant's Responses are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.      The right to question or object to the authenticity, foundation, relevancy, materiality, privilege, and admissibility of the information produced in response to Jorda's Requests in any subsequent proceeding in, or trial of, this or any other action;

2.      The right to object to the use of information or documents produced in response to the Requests in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Requests or Responses into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Requests or the Responses to these Requests.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests.

1.      De Tomaso objects to the Requests to the extent they purport to impose obligations that exceed the scope of limited jurisdictional discovery granted Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

-1-

2.      De Tomaso objects to the Requests to the extent they purport to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.      De Tomaso objects to any and all Requests to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

4.      De Tomaso objects to any and all Requests to the extent they seek confidential or proprietary information.

5.      De Tomaso objects to any and all Requests to the extent they seek information protected or limited by the European Union's General Data Protection Regulation ("GDPR").

6.      De Tomaso objects to the Requests to the extent they seek information that is not within its possession, custody, or control.

7.      De Tomaso objects to the Requests to the extent that they are unduly burdensome or expensive, or seek to impose upon De Tomaso an undue expense or burden that Jorda should properly bear.

8.      De Tomaso objects to the Requests to the extent that they seek information that is irrelevant to the issues presented by Jorda's Second Amended Complaint, or they seek

information not reasonably calculated to lead to the discovery of admissible evidence related to jurisdictional discovery.

9.    De Tomaso objects to the Requests to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Request, De Tomaso does not adopt any meaning Jorda may intend or have in mind, and De Tomaso expressly reserves the right to object to the use or introduction of any Response that mischaracterizes or takes De Tomaso's Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

10.    De Tomaso objects to the Requests to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

11.    De Tomaso objects to the Requests to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested documents or information.

12.    De Tomaso objects to the Requests to the extent they call for information that is already in the possession of or equally available to Jorda or her counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

13.    De Tomaso reserves its right to challenge the competency, relevancy, materiality, or admissibility at hearing of any of the information or documents it provides in response to these Requests.

14.     De Tomaso's Responses are based upon the best information currently available to it.  De Tomaso reserves the right to amend, supplement, or correct its Responses if and when it discovers other or additional information.

## OBJECTIONS TO DEFINITIONS

1.     De Tomaso objects to the definitions of "YOU," "YOUR," or "DETOMASO" on the grounds that they are vague, ambiguous, and overbroad to the extent they refer to those who have acted on its behalf in the past without any limiting time period.  De Tomaso is responding on behalf of De Tomaso Automobili Holdings N.A. LLC, and no other person or entity.

2.     De Tomaso objects to the definition of "CHOI" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on his behalf in the past without any limiting time period.  To the extent De Tomaso's Responses refer or relate to "CHOI," De Tomaso is referring or relating only to Sung Fung Choi a/k/a Norman Choi, named Defendant in this matter.

3.     De Tomaso objects to the definition of "JORDA" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on her behalf in the past without any limiting time period.  To the extent De Tomaso's Responses refer or relate to "JORDA," De Tomaso is referring or relating only to Carmen Jorda, named Plaintiff in this action.

4.     De Tomaso objects to the definition of the "2021 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent De Tomaso's Responses refer or relate to "2021 AGREEMENT," De Tomaso is referring or relating only to the document attached as Exhibit A to Jorda's Declaration (ECF No. 64-9).

5.      De Tomaso objects to the definition of the "2022 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent De Tomaso's Responses refer or relate to "2022 AGREEMENT," De Tomaso is referring or relating only to the document attached as Exhibit B to Jorda's Second Amended Complaint (ECF No. 41-2).

## RESPONSES TO REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:

Admit that in September 2021, JORDA met with YOUR CEO at the time, BERRIS, in New York to discuss the terms of a contract for JORDA to perform work for YOU.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

De Tomaso objects to RFA No. 1 because the undefined terms and phrases "met with" and "contract" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definition (or document) Jorda may have in mind.  De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control.  De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso has no knowledge of purported meetings between Berris and Jorda and therefore denies this RFA.

### REQUEST FOR ADMISSION NO. 2:

Admit that the 2021 AGREEMENT was executed by BERRIS on YOUR behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

De Tomaso objects to RFA No. 2 because it calls for a legal conclusion.  De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control. De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 3:**

Admit that the 2022 AGREEMENT was executed by BERRIS on YOUR behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

De Tomaso objects to RFA No. 3 because it calls for a legal conclusion.  De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control. De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 4:**

Admit that BERRIS was authorized to execute the 2021 AGREEMENT and 2022 AGREEMENT on YOUR behalf.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

De Tomaso objects to RFA No. 4 because it calls for a legal conclusion.  De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control.  De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU issued a press release on or around September 15, 2021, entitled "De Tomaso Welcomes Carmen Jorda," which stated: "We are pleased to announce that Carmen Jorda has officially joined the De Tomaso family as a factory Development and Scuderia De Tomaso Racing Driver."

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

De Tomaso objects to RFA No. 5 because the undefined words and phrases "press release" and "on or around September 15, 2021" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definition (or document) Jorda may have in mind.  De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso admits it issued a press release containing the quoted language.

-7-

## REQUEST FOR ADMISSION NO. 6:

Admit that BERRIS served as YOUR CEO from in or around mid-2020 until May 2022.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6:

De Tomaso objects to RFA No. 6 because the undefined phrase "in or around mid-2020" is vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definition Jorda may have in mind. De Tomaso also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: De Tomaso admits Ryan Berris held the title of CEO from September 3, 2020-May 2022.

## REQUEST FOR ADMISSION NO. 7:

Admit that YOU engaged JORDA to perform work in the State of New York, including but not limited to, the "Meet 'Isabelle'" event in September 2021.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7:

De Tomaso objects to RFA No. 7 because the undefined phrases "perform work" and "including but not limited to, the Meet Isabelle event" are vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definition Jorda may have in mind. De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control. De Tomaso also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information,

-8-

information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: De Tomaso admits it invited Jorda to attend the Meet Isabelle campaign launch event in New York in September 2021, and any and all work done by Jorda for the campaign was carried out in Los Angeles prior to September 2021. De Tomaso also admits that Jorda participated in a photoshoot for De Tomaso on September 7, 2021 in New York City, for which Jorda was fully compensated. De Tomaso denies it engaged Jorda to perform any other work.

**REQUEST FOR ADMISSION NO. 8:**

Admit that JORDA performed work in the State of New York in connection with the 2021 AGREEMENT and 2022 AGREEMENT with YOU, including but not limited to, attending the "Meet 'Isabelle'" event in September 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

De Tomaso objects to RFA No. 8 because the undefined phrases "performed work" and "including but not limited to, attending the Meet Isabelle event" are vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definition Jorda may have in mind. De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control. De Tomaso also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

-9-

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso denies that Jorda performed work in the State of New York in connection with the 2021 Agreement or 2022 Agreement, as defined in Jorda's RFAs.  De Tomaso further denies the Meet Isabelle campaign was related to either purported "agreement," which Jorda alleges to have covered different subject matter.

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOU did not pay JORDA for work that she performed in the State of New York from September 3, 2021 to September 20, 2021, including but not limited to, the "Meet 'Isabelle'" event on or around September 16, 2021.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

De Tomaso objects to RFA No. 9 because the undefined phrases "work that she performed" and "on or around September 16, 2021" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definition Jorda may have in mind.  De Tomaso further objects that this request is harassing and seeks information beyond the scope of Jorda's complaint, which does not allege Jorda was not paid for work in 2021 or related to the Meet Isabelle campaign.  De Tomaso objects to the extent this request seeks information outside of its possession, custody, or control.  De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOU maintained a vehicle registered in the State of New York that was used by the company for business purposes.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

De Tomaso objects to RFA No. 10 because the undefined phrases "maintained" and "business purposes" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definition Jorda may have in mind.  De Tomaso further objects because this RFA is not bound by a reasonable time period related to the allegations in Jorda's complaint.  De Tomaso also objects to this RFA to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 11:**

Admit that BERRIS frequently conducted business on YOUR behalf in New York, including attending dozens of in-person and virtual meetings from New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

De Tomaso objects to RFA No. 11 because the undefined phrases "frequently," "conducted business," and "dozens of in-person and virtual meetings" are vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definition (or dates) Jorda may have in mind.  De Tomaso further objects because this RFA is not bound by a reasonable time period related to the allegations in Jorda's complaint.  De Tomaso objects to the extent this

request seeks information outside of its possession, custody, or control.  De Tomaso also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso believes Berris occasionally conducted De Tomaso business in New York.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU organized and held the "Meet 'Isabelle'" event in New York, NY in September 2021, to promote YOUR brand and business.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

De Tomaso objects to RFA No. 12 because the undefined phrases "Meet Isabelle event," "brand," and "business" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definition Jorda may have in mind.  De Tomaso also objects to this RFA to the extent it seeks a legal conclusion, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso admits it held an event related to its Meet Isabelle campaign in New York in September of 2021.

**REQUEST FOR ADMISSION NO. 13:**

Admit that in the BERRIS ACTION, Judge Arun Subramanian of the Southern District of New York found that the court had personal jurisdiction over YOU in connection with BERRIS's breach of contract claims.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

De Tomaso objects to RFA No. 13 because it calls for a legal conclusion. De Tomaso further objects to RFA No. 13 because the undefined term "personal jurisdiction" and "breach of contract claims" are vague and ambiguous, and fail to distinguish between general and specific jurisdiction, or name any particular claim.

**REQUEST FOR ADMISSION NO. 14:**

Admit that on or around April 11, 2024, YOUR counsel sent a cease-and-desist letter to JORDA on YOUR behalf regarding a trademark dispute, which invoked N.Y. Gen. Bus. Law §§ 360-K, 360-L.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

De Tomaso objects to RFA No. 14 because the undefined phrases "your counsel," "cease-and-desist letter" and "trademark dispute" are vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definition (or uncited document) Jorda may have in mind. De Tomaso also objects to this RFA because it calls for a legal conclusion. De Tomaso objects to this request to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

-13-

Subject to and without waiving its objections, De Tomaso responds as follows: De Tomaso admits Jorda was sent a letter from counsel on or around April 11, 2024.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU hired the New York office of the law firm Loeb & Loeb for corporate legal advice from 2020 to 2022.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

De Tomaso objects to RFA No. 15 because the undefined phrase "corporate legal advice" is vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind. De Tomaso objects to the extent this RFA seeks legal conclusions or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving his objections, De Tomaso responds as follows: De Tomaso admits it retained Loeb & Loeb between 2020 and 2022 for certain legal advice, and worked with attorneys in New York, Hong Kong, and elsewhere.

**REQUEST FOR ADMISSION NO. 16:**

Admit that CHOI attended multiple meetings related to DETOMASO's business in the State of New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

De Tomaso objects to RFA No. 16 because the undefined phrases "multiple," "meetings," and "business" are vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definition (or dates) Jorda may have in mind. De Tomaso further

objects because this RFA is not bound by a reasonable time period related to the allegations in

Jorda's complaint.  De Tomaso also objects to this RFA to the extent it seeks a legal conclusion,

or information protected by the attorney-client privilege or the work-product doctrine, or

information regarding trade secrets, confidential and/ or proprietary business information,

information subject to confidentiality agreements with non-parties, and/ or any other applicable

claim of privilege or legal protection.

 Subject to and without waiving its objections, De Tomaso responds as follows:  De

Tomaso admits Choi occasionally conducted De Tomaso business in New York.

**REQUEST FOR ADMISSION NO. 17:**

 Admit that CHOI maintains a majority indirect ownership of YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

 De Tomaso objects to RFA No. 17 because the undefined phrase "majority indirect

ownership" is vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt

whatever definitions Jorda may have in mind.  De Tomaso objects to the extent this request seeks

information outside of its possession, custody, or control.  De Tomaso further objects because

this RFA is not bound by a reasonable time period related to the allegations in Jorda's complaint.

De Tomaso objects to the extent this RFA seeks a legal conclusion, or information protected by

the attorney-client privilege or the work-product doctrine, or information regarding trade secrets,

confidential and/ or proprietary business information, information subject to confidentiality

agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 18:**

Admit that JORDA travelled with CHOI and BERRIS to the Hamptons in New York to attend an automotive event known as "The Bridge."

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

De Tomaso objects to RFA No. 18 to the extent this request seeks information outside of its possession, custody, or control. De Tomaso further objects because this RFA is not bound by a reasonable time period related to the allegations in Jorda's complaint. De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: De Tomaso admits that Choi, Berris, and Jorda attended The Bridge.

**REQUEST FOR ADMISSION NO. 19:**

Admit that on or around September 10, 2021, JORDA travelled to a test track in Greenwood Lake, New York with BERRIS and CHOI to test drive a DETOMASO automobile.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

De Tomaso objects to RFA No. 19 because the undefined phrase "on or around September 10, 2021" is vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind. De Tomaso further objects to the extent this request seeks information outside of its possession, custody, or control. De Tomaso objects because this RFA is not bound by a reasonable time period related to the allegations in Jorda's

complaint.  De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso admits that Choi, Berris, and Jorda attended a test track in Greenwood Lake on or around September 10, 2021 and drove a De Tomaso P72.

**REQUEST FOR ADMISSION NO. 20:**

Admit that JORDA met with DETOMASO engineers and test drivers in New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

De Tomaso objects to RFA No. 20 because the undefined words "test drivers" and "engineers" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind.  De Tomaso further objects to the extent this request seeks information outside of its possession, custody, or control.  De Tomaso objects because this RFA is not bound by a reasonable time period related to the allegations in Jorda's complaint.  De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  De Tomaso admits that Jorda met with Hugo de Sadeleer, a De Tomaso test driver, in New York City.

**REQUEST FOR ADMISSION NO. 21:**

Admit that JORDA engaged in promotional photoshoots and event rehearsals for DETOMASO in New York.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

De Tomaso objects to RFA No. 21 because the undefined phrases "engaged in," "promotional photoshoots," and "even rehearsals" are vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind. De Tomaso objects because this RFA is not bound by a reasonable time period related to the allegations in Jorda's complaint. De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: De Tomaso admits that Jorda participated in a photoshoot for De Tomaso on September 7, 2021 in New York City, for which Jorda was fully compensated.

**REQUEST FOR ADMISSION NO. 22:**

Admit that on or around September 10, 2021, JORDA met with CHOI at his residence at 35 Hudson Yards in New York City.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

De Tomaso objects to RFA No. 22 because the undefined phrase "in or around" is vague and ambiguous. In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind. De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade

secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows:  Denied.

**REQUEST FOR ADMISSION NO. 23:**

Admit YOU used YOUR assets to pay CHOI's personal expenses.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

De Tomaso objects to RFA No. 23 because the undefined phrases "assets" and "personal expenses" are vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind.  De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 24:**

Admit that from 2020 to 2022, BERRIS acted as YOUR primary agent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

De Tomaso objects to RFA No. 24 because the undefined phrase "primary agent"  is vague and ambiguous.  In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind.  De Tomaso objects because this RFA seeks legal conclusions.   De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets,

confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 25:**

Admit that from 2020 to 2022, YOU sought to establish banking relationships with New York-based representatives of multiple banks.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

De Tomaso objects to RFA No. 25 because the undefined phrases "banking relationships," "New York-based representatives," and "multiple banks" are vague and ambiguous. In particular, De Tomaso does not know which "representatives" Jorda is referencing. In responding to this RFA, De Tomaso does not adopt whatever definitions Jorda may have in mind. De Tomaso objects to the extent this RFA seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving its objections, De Tomaso responds as follows: De Tomaso admits its former CEO, Berris, sought to establish banking relationships with New York-based representatives of multiple banks, but no relationships were ever established.

Dated:  September 11, 2025

SHEPPARD MULLIN
RICHTER & HAMPTON LLP

/s/ *Paul Werner*
Paul Werner (*pro hac vice*)
Imad Matini (*pro hac vice*)
Hannah Wigger (*pro hac vice*)
Alexandra Bustamante (*pro hac vice forthcoming*)
2009 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: 202.747.1932
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
abustamante@sheppardmullin.com

Bradley M. Rank
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
brank@sheppardmullin.com

*Attorneys for Defendant De Tomaso*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on September 11, 2025, the foregoing document was served via

electronic mail and first class mail to the following counsel of record:

Chris Frost
John Desmond Maatta
Jeffrey C. Bogert
Lawrence J.H. Liu
Frost LLP
10960 Wilshire Blvd, Ste 1260
Los Angeles, CA 90024
424-254-0441
Chris@frostllp.Com
John@frostllp.Com
Jeff@frostllp.Com
Lawrence@frostllp.Com

Peter Pottier
10 Confucius Plaza Ste 15k 10002
New York, NY 10002
646-279-9910
Peter@frostllp.Com

Simon Joel Kasha Miller
Raines Feldman, LLP
1350 Avenue Of The Americas Ste 22nd Floor
New York, NY 10019
917-790-7105
Smiller@raineslaw.Com

By: *s/ Hannah Wigger*