# EXHIBIT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN JORDA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DE TOMASO AUTOMOBILI HOLDINGS, N.A. LLC a Delaware Limited Liability Company; SUNG-FUNG CHOI (A/K/A NORMAN CHOI) an individual,<br><br>Defendants. | No. 1:23-cv-09809 (ALC) |

## DEFENDANT DE TOMASO AUTOMOBILI HOLDINGS N.A. LLC'S RESPONSE TO PLAINTIFF CARMEN JORDA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant De Tomaso Automobili Holdings N.A. LLC's ("De Tomaso" or "Defendant") responds to Plaintiff Carmen Jorda's ("Jorda" or "Plaintiff") First Set of Requests For Production of Documents ("Requests"), as follows:

## PRELIMINARY STATEMENT

De Tomaso reserves the right to use information discovered after the date of its Responses to Plaintiff's Requests, which is now known but whose relevance, significance, or applicability has not yet been ascertained. De Tomaso's Responses are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.      The right to question or object to the authenticity, foundation, relevancy, materiality, privilege, and admissibility of the information produced in response to Jorda's Requests in any subsequent proceeding in, or trial of, this or any other action;

2.      The right to object to the use of information or documents produced in response to the Requests in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Requests or Responses into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Requests or the Responses to these Requests.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests.

1.      De Tomaso objects to the Requests to the extent they purport to impose obligations that exceed the scope of limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

2.      De Tomaso objects to the Requests to the extent they purport to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.      De Tomaso objects to any and all Requests to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

4.      De Tomaso objects to any and all Requests to the extent they seek confidential or proprietary information.

5.      De Tomaso objects to any and all Requests to the extent they seek information protected or limited by the European Union's General Data Protection Regulation ("GDPR").

6.      De Tomaso objects to the Requests to the extent they seek documents that are not within De Tomaso's possession, custody, or control.

7.      De Tomaso objects to the Requests to the extent that they are unduly burdensome or expensive, or seek to impose upon De Tomaso an undue expense or burden that Jorda should properly bear.

8.      De Tomaso objects to the Requests to the extent that they seek information that is irrelevant to the issues presented by Jorda's Second Amended Complaint, or they seek

information not reasonably calculated to lead to the discovery of admissible evidence related to jurisdictional discovery.

9.      De Tomaso objects to the Requests to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Request, De Tomaso does not adopt any meaning Jorda may intend or have in mind, and De Tomaso expressly reserves the right to object to the use or introduction of any Response that mischaracterizes or takes De Tomaso's Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

10.     De Tomaso objects to the Requests to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

11.     De Tomaso objects to the Requests to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested documents or information.

12.     De Tomaso objects to the Requests to the extent they call for information that is already in the possession of or equally available to Jorda or her counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

13.     De Tomaso reserves its right to challenge the competency, relevancy, materiality, or admissibility at hearing of any of the information or documents it provides in response to these Requests.

14.     Any representation in De Tomaso's Responses that De Tomaso will undertake to produce responsive, non-privileged documents is not a representation that any responsive documents exist but is only a representation that, if such documents exist, they will be produced consistent with De Tomaso's general and specific objections.

15.     De Tomaso's Responses are based upon the best information currently available to it.  De Tomaso reserves the right to amend, supplement, or correct its Responses if and when it discovers other or additional information.

### OBJECTIONS TO DEFINITIONS

1.     De Tomaso objects to the definitions of "YOU," "YOUR," and "DETOMASO" on the grounds that they are vague, ambiguous, and overbroad to the extent they refer to those who have acted on its behalf in the past without any limiting time period.  De Tomaso is responding on behalf of De Tomaso Automobili Holdings N.A., LLC, and no other person or entity.

2.     De Tomaso objects to the definition of "CHOI" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on his behalf in the past without any limiting time period.  To the extent De Tomaso's Responses refer or relate to "CHOI," De Tomaso is referring or relating only to Sung Fung Choi a/k/a Norman Choi, named Defendant in this matter.

3.     De Tomaso objects to the definition of "JORDA" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on her behalf in the past without any limiting time period.  To the extent De Tomaso's Responses refer or relate to "JORDA," De Tomaso is referring or relating only to Carmen Jorda, named Plaintiff in this action.

4.      De Tomaso objects to the definition of the "2021 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent De Tomaso's Responses refer or relate to "2021 AGREEMENT," De Tomaso is referring or relating only to the document attached as Exhibit A to Jorda's Declaration (ECF No. 64-9).

5.      De Tomaso objects to the definition of the "2022 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent De Tomaso's Responses refer or relate to "2022 AGREEMENT," De Tomaso is referring or relating only to the document attached as Exhibit B to Jorda's Second Amended Complaint (ECF No. 41-2).

## <u>OBJECTIONS TO INSTRUCTIONS</u>

1.      De Tomaso objects to Instruction No. 9 to the extent it seeks information from De Tomaso Automobili Holdings N.A., LLC and anyone else acting, or who has acted, on its behalf, including but not limited to any of its agents, representatives, employees (current and former), affiliates, predecessors, successors, assigns, principals, independent contractors, managers, consultants, attorneys, accountants, and each and every person acting on its behalf or at its direction.  De Tomaso is responding on behalf of De Tomaso Automobili Holdings N.A., LLC, and no other person or entity.  De Tomaso also objects to Instruction No. 9 to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

2.      De Tomaso objects to Instruction No. 13 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.      De Tomaso objects to Instruction No. 15 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and De Tomaso objects to Jorda's attempt to do so unilaterally in Instruction No. 15.

4.      De Tomaso objects to Instruction No. 16 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and De Tomaso objects to Jorda's attempt to do so unilaterally in Instruction No. 16.

5.      De Tomaso objects to Instruction No. 17 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and De Tomaso objects to Jorda's attempt to do so unilaterally in Instruction No. 17.

6.      De Tomaso objects to Instruction No. 18 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and De Tomaso objects to Jorda's attempt to do so unilaterally in Instruction No. 18.

7.      De Tomaso objects to Instruction No. 19 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and De Tomaso objects to Jorda's attempt to do so unilaterally in Instruction No. 19.

8.      De Tomaso objects to Instruction No. 20 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

9.      De Tomaso objects to Instruction No. 21 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

## **RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

## **REQUEST FOR PRODUCTION NO. 1:**

All COMMUNICATIONS between YOU and JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

De Tomaso objects to Request No. 1 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order").  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS reflecting or evidencing COMMUNICATIONS between YOU and BERRIS relating to work performed on YOUR behalf or for YOUR benefit by JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

De Tomaso objects to Request No. 2 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS relating to the 2021 AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

De Tomaso objects to Request No. 3 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS relating to the 2022 AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

De Tomaso objects to Request No. 4 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS relating to payment for work or services performed on YOUR behalf or for YOUR benefit by JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

De Tomaso objects to Request No. 5 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id..*

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS relating to the "Meet 'Isabelle'" campaign event in New York City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

De Tomaso objects to Request No. 6 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting or relating to any business trips taken by YOUR employees, agents, or representatives in the State of New York from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

De Tomaso objects to Request No. 7 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 8:**

All contracts and invoices for work performed on YOUR behalf by any person or entity in the State of New York from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

De Tomaso objects to Request No. 8 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to work performed in connection with the "Meet 'Isabelle'" event in New York City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

De Tomaso objects to Request No. 9 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS evidencing YOUR approval or rejection of any proposed contract or agreement with JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

De Tomaso objects to Request No. 10 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR use, purchase, or lease of any business property or equipment, including any vehicles, in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

De Tomaso objects to Request No. 11 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS RELATED TO any performance by YOU under the 2021 AGREEMENT or 2022 AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

De Tomaso objects to Request No. 12 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR use, purchase, or lease of any real property, including any office space, in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

De Tomaso objects to Request No. 13 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any business meeting involving YOU or YOUR employees, agents, or representatives in the State of New York from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

De Tomaso objects to Request No. 14 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show any banking or financial accounts opened, maintained, and/or controlled by YOU in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

De Tomaso objects to Request No. 15 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS and COMMUNICATIONS relating to the purchase or use of an apartment located at 35 Hudson Yards, New York, NY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

De Tomaso objects to Request No. 16 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to show any agreements with any law firm, accounting firm, or consulting firm for any services performed on YOUR behalf in the State of New York from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

De Tomaso objects to Request No. 17 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS relating to any meetings, trips, or events with JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

De Tomaso objects to Request No. 18 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS evidencing or reflecting any real, personal, residential, commercial, or tangible property YOU have owned, leased, rented, purchased, or held, in the State of New York at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

De Tomaso objects to Request No. 19 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS reflecting or relating to any business events YOU or any of YOUR agents, employees, or representatives attended in the State of New York from 2020 to present, including but not limited to, the automotive event in the Hamptons known as "The Bridge," and any other automobile trade shows or promotional events.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

De Tomaso objects to Request No. 20 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS reflecting or relating to any automobile test drives, photo shoots, or promotional events organized, hosted, or attended by YOU or any of YOUR agents, employees, or representatives, in the State of New York from 2020 to present, including but not limited to any test drive or event at the test track located in Greenwood Lake, New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

De Tomaso objects to Request No. 21 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting or relating to YOUR meetings, photoshoots, or event rehearsals with JORDA in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

De Tomaso objects to Request No. 22 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR marketing or advertising activities performed in or directed at the State of New York, including but not limited to, any marketing or advertising campaigns for the "Meet 'Isabelle'" event in September 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

De Tomaso objects to Request No. because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR use of JORDA's name, image, or likeness, including any internal memoranda, press releases, advertisements, and social media posts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

De Tomaso objects to Request No. 24 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS and COMMUNICATIONS relating to any efforts by YOU to specifically do business in New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

De Tomaso objects to Request No. 25 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS and COMMUNICATIONS relating to any events held, sponsored, or organized by YOU in the State of New York, including any internal memoranda, press releases, advertisements, and social media posts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

De Tomaso objects to Request No. 26 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 27:**

DOCUMENTS sufficient to show YOUR ownership structure from 2014 to present, including the identities of any and all direct and indirect shareholders and ultimate beneficial shareholders and for each, the dates in which such shares or interests were held or owned.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

De Tomaso objects to Request No. 27 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

-16-

**REQUEST FOR PRODUCTION NO. 28:**

DOCUMENTS sufficient to show YOUR corporate directors and officers from 2014 to present, including the identities of such directors and officers and dates served by each director and officer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

De Tomaso objects to Request No. 28 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 29:**

Any and all YOUR corporate meeting minutes from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

De Tomaso objects to Request No. 29 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 30:**

All shareholder reports issued by YOU from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

De Tomaso objects to Request No. 30 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting or relating to any distributions, payments, or loans made by YOU to CHOI from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

De Tomaso objects to Request No. 31 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS relating to any reflecting or relating to any contributions, payments, or loans made by CHOI to YOU from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

De Tomaso objects to Request No. 32 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS relating to the lease, purchase, or use of corporate office space in Connecticut from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

De Tomaso objects to Request No. 33 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 34:**

Any and all balance sheets showing YOUR capitalization from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

De Tomaso objects to Request No. 34 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any assets YOU have shared or transferred with CHOI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

De Tomaso objects to Request No. 35 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any business YOU solicited from any individual or entity in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

De Tomaso objects to Request No. 36 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any visits by CHOI to YOUR Connecticut office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

De Tomaso objects to Request No. 37 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any business activities by BERRIS on your behalf or for your benefit in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

De Tomaso objects to Request No. 38 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any business activities by JORDA on your behalf or for your benefit in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

De Tomaso objects to Request No. 39 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 40:**

Any and all DOCUMENTS identified in or relied upon to prepare YOUR responses to Interrogatories, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

De Tomaso objects to Request No. 40 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 41:**

Any and all DOCUMENTS identified in or relied upon to prepare YOUR responses to Requests for Admission, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

De Tomaso objects to Request No. 41 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS reflecting or relating to any income YOU received from any business activities in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

De Tomaso objects to Request No. 42 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS reflecting or relating to any registration by YOU to do business in the State of New York from 2020 to present, including any filings or submissions with the Secretary of State.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

De Tomaso objects to Request No. 43 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS reflecting or relating to any transactions or business dealings by YOU in the State of New York from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

De Tomaso objects to Request No. 44 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

Dated:  September 11, 2025

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

/s/ *Paul Werner*
Paul Werner (*pro hac vice*)
Imad Matini (*pro hac vice*)
Hannah Wigger (*pro hac vice*)
Alexandra Bustamante (*pro hac vice forthcoming*)
2009 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: 202.747.1932
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
abustamante@sheppardmullin.com

Bradley M. Rank
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
brank@sheppardmullin.com

*Attorneys for Defendant De Tomaso*

-22-