# EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| CARMEN JORDA, an individual, | |
| Plaintiff, | |
| v. | No. 1:23-cv-09809 (ALC) |
| DE TOMASO AUTOMOBILI HOLDINGS, N.A. LLC a Delaware Limited Liability Company; and SUNG-FUNG CHOI (A/K/A NORMAN CHOI) an individual, | |
| Defendants. | |

**DEFENDANT DE TOMASO AUTOMOBILI HOLDINGS N.A. LLC'S ANSWERS TO PLAINTIFF CARMEN JORDA'S FIRST SET OF INTERROGATORIES**

Defendant De Tomaso Automobili Holdings N.A. LLC ("De Tomaso" or "Defendant") responds to Plaintiff Carmen Jorda's ("Jorda" or "Plaintiff") First Set of Interrogatories, as follows:

## PRELIMINARY STATEMENT

Defendant reserves the right to use information discovered after the date of its Answers to Plaintiff's Interrogatories, which is now known but whose relevance, significance, or applicability has not yet been ascertained. Defendant's Answers are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.      The right to question or object to the authenticity, foundation, relevancy, materiality, privilege, and admissibility of the information produced in response to Jorda's Interrogatories in any subsequent proceeding in, or trial of, this or any other action;

2.      The right to object to the use of information or documents produced in response to the Interrogatory in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.      The right to object to the introduction of the Interrogatories or Answers into evidence; and

4.      The right to object on any ground at any time to other discovery involving the subject matter of these Interrogatories or the Answers to these Interrogatories.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Interrogatories.

1.      De Tomaso objects to the Interrogatories to the extent they purport to impose obligations that exceed the scope of limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

-1-

2.      De Tomaso objects to the Interrogatories to the extent they purport to impose obligations that exceed those imposed by New York law, the Federal Rules of Civil Procedure, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.      De Tomaso objects to any and all Interrogatories to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

4.      De Tomaso objects to any and all Interrogatories to the extent they seek confidential or proprietary information.

5.      De Tomaso objects to any and all Interrogatories to the extent they seek information protected or limited by the European Union's General Data Protection Regulation ("GDPR").

6.      De Tomaso objects to the Interrogatories to the extent they seek information that is not within Defendant's possession, custody, or control.

7.      De Tomaso objects to the Interrogatories to the extent that they are unduly burdensome or expensive, or seek to impose upon De Tomaso an undue expense or burden that Jorda should properly bear.

8.      De Tomaso objects to the Interrogatories to the extent that they seek information that is irrelevant to the issues presented by Jorda's Second Amended Complaint, or they seek

information not reasonably calculated to lead to the discovery of admissible evidence related to jurisdictional discovery.

9.      De Tomaso objects to the Interrogatories to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Interrogatory, De Tomaso does not adopt any meaning Jorda may intend or have in mind, and De Tomaso expressly reserves the right to object to the use or introduction of any response that mischaracterizes or takes the Defendant's response out of context or attempts to apply the response to a unilateral definition of a particular inquiry.

10.      De Tomaso objects to the Interrogatories to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

11.      De Tomaso objects to the Interrogatories to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested documents or information.

12.      De Tomaso objects to the Interrogatories to the extent they call for information that is already in the possession of or equally available to Jorda or her counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

13.      De Tomaso reserves its right to challenge the competency, relevancy, materiality, or admissibility at hearing of any of the information or documents it provides in response to these Interrogatories.

14.    De Tomaso's Responses are made subject to its right to object to the extent they seek information or documents the production of which without appropriate safeguards would violate privacy rights protected by the privacy laws of any country or state from which information or documents are sought, the privacy obligations of any federal laws, confidentiality agreements, arrangements or understandings between or among De Tomaso and other persons, the confidentiality of settlement discussions or agreements, court or agency orders, or regulations or procedures restricting or prohibiting the disclosure of particular information or documents. De Tomaso further objects to any and all Interrogatories to the extent they require the disclosure of information that would infringe upon the legitimate privacy rights and expectations of current or former employees of De Tomaso or any current or former affiliates or related companies or subsidiaries, or other individuals, to the extent that such privacy rights and expectations are protected by law or public policy.

15.    De Tomaso's Answers are based upon the best information currently available to it.  Defendant reserves the right to amend, supplement, or correct its Answers if and when it discovers other or additional information.

## OBJECTIONS TO DEFINITIONS

1.    De Tomaso objects to the definitions of "YOU," "YOUR," or "DETOMASO" because they are vague, ambiguous, and overbroad to the extent they refer to those who have acted on its behalf in the past without any limiting time period.  De Tomaso is responding on behalf of De Tomaso Automobili Holdings N.A. LLC, and no other person or entity.

2.    De Tomaso objects to the definition of "CHOI" because it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on his behalf in the past without any limiting time period.  To the extent De Tomaso's Responses refer or relate to "CHOI," De

Tomaso is referring or relating only to Sung Fung Choi a/k/a Norman Choi, named Defendant in this matter.

3.      De Tomaso objects to the definition of "JORDA" because it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on her behalf in the past without any limiting time period.  To the extent De Tomaso's Responses refer or relate to "JORDA," De Tomaso is referring or relating only to Carmen Jorda, named Plaintiff in this action.

4.      De Tomaso objects to the definition of the "2021 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent De Tomaso's Responses refer or relate to "2021 AGREEMENT," De Tomaso is referring or relating only to the document attached as Exhibit A to Jorda's Declaration (ECF No. 64-9).

5.      De Tomaso objects to the definition of the "2022 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent De Tomaso's Responses refer or relate to "2022 AGREEMENT," De Tomaso is referring or relating only to the document attached as Exhibit B to Jorda's Second Amended Complaint (ECF No. 41-2).

6.      De Tomaso objects to the definition of "35 HUDSON YARDS" because it is vague, ambiguous, and overbroad to the extent it refers to "any" property located at that address without any limiting time period.  De Tomaso also objects to this definition as misleading to the extent it characterizes CHOI or CHOI's family as having resided there.  To the extent De Tomaso's Responses refer or relate to "35 HUDSON YARDS," De Tomaso is referring or relating only the property currently located at 35 Hudson Yards, New York, NY 10001.

## OBJECTIONS TO INSTRUCTIONS

1.      De Tomaso objects to Instruction No. 13 to the extent it seeks impose obligations that exceed those imposed by New York law, the Federal Rules of Civil Procedure, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.  De Tomaso also objects to the extent Instruction No. 13 seeks information from De Tomaso Automobili Holdings N.A., LLC anyone else acting, or who has so acted, on its behalf including, but not limited to, any of its agents, representatives, employees (current and former), affiliates, predecessors, successors, assigns, principals, independent contractors, managers, consultants, attorneys, accountants, and each and every person acting on its behalf or at its direction or on whose behalf they were acting.  De Tomaso is responding on behalf of De Tomaso Automobili Holdings N.A. LLC, and no other person or entity.

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all business activities that YOU performed, conducted, or in which YOU participated, in the State of New York from 2014 to present, including the nature and purpose of the activities and the date such activities took place.

**ANSWER TO INTERROGATORY NO. 1:**

De Tomaso objects to Interrogatory No. 1 because the undefined terms "business activities," "performed," "conducted," and "participated" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" of its business activities in New York from 2014 to the present.  De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery

granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:  De Tomaso does not have a companywide calendar or planner and cannot list every single occasion it participated in business activities in the state of New York.  However, De Tomaso recalls participating in the following business activities in New York on or about the following occasions:

- July 22, 2021, in Purchase, New York, met with representative from Miller Motors;

- August 1, 2021, in New York, New York, for the purpose of meeting with independent contractor, Hugo de Sadeleer;

- August 3, 2021, in New York, New York, for the purpose of meeting with independent contractor, Hugo de Sadeleer;

- September 7, 2021, in New York, New York, for the purpose of a photoshoot;

- September 8, 2021, in New York, New York, for the purpose of a meeting with independent contractor, Ash Thorp;

- September 10, 2021, in New York, New York, for the purpose of P72 development testing at Greenwood Lake Airport in New York;

- September 16, 2021, in New York, New York, for the purpose of the "Meet Isabelle" event;

- September 26, 2021, in New York, New York, for the purpose of filming at Canoe Studios;

- December 4, 2021, in New York, New York, for the purpose of dinner with a client; and

- On or around late April 2022, in New York, New York, several times for the purpose of a potential special purpose acquisition company ("SPAC") transaction for De Tomaso, which was never finalized.  Specific dates unrecalled.

Additionally, De Tomaso directs Plaintiff to documents produced in response to the Court's Order requiring production of "all documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York." ECF No. 98.

**INTERROGATORY NO. 2:**

Identify any real, personal, commercial, or tangible property YOU have owned, leased, rented, purchased, or held, in the State of New York from 2014 to present, including any leases or ownership for office space, equipment, and/or vehicles, and for each, the current status, location, and disposition of such property.

**ANSWER TO INTERROGATORY NO. 2:**

De Tomaso objects to Interrogatory No. 2 because the undefined terms "real, personal, residential, commercial, or tangible property," "purchased," "held," "status," "disposition," "office space," and "equipment" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "any" such property. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a reasonable time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso has not owned any real, personal, residential, commercial, or tangible property in the State of New York.

**INTERROGATORY NO. 3:**

Identify any and all business meetings that took place in New York since January 2020, in which YOU were involved or for purposes of YOUR business activities or benefit.

**ANSWER TO INTERROGATORY NO. 3:**

De Tomaso objects to Interrogatory No. 3 because the undefined terms "business meetings," "involved," "business activities" and "benefit" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "any and all" such meetings. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). De Tomaso also objects to this Interrogatory to the extent it seeks legal conclusions, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso hereby incorporates its answer to Interrogatory No. 1 and the documents produced in response to the Court's Order requiring production of "[a]ll documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York." ECF No. 98.

**INTERROGATORY NO. 4:**

Identify all persons employed or contracted by YOU, past and present, that have resided or worked in the State of New York since 2014, including for each, the purpose of their

employment or contract with YOU, and the dates or time period when they resided or worked in the State of New York.

**ANSWER TO INTERROGATORY NO. 4:**

De Tomaso objects to Interrogatory No. 4 because the undefined terms "contracted," "resided," and "worked" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" persons. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). Additionally, De Tomaso objects to this Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso has not employed anyone whose primary residence is in the state of New York.

**INTERROGATORY NO. 5:**

Identify any and all banking or financial accounts YOU have opened, held, or maintained in the State of New York since January 2018, including the names of the financial institutions; the dates when such accounts were opened, held, and/or maintained; the purpose for the accounts; and the identities of any and all individuals authorized to take action on such accounts. **ANSWER TO INTERROGATORY NO. 5:**

De Tomaso objects to Interrogatory No. 5 because the undefined terms "banking or financial accounts," "opened," "held," and "maintained" are vague, ambiguous, and render the

Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "any and all" banking or financial accounts. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). De Tomaso also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso does not have any banking or financial accounts in the state of New York.

## INTERROGATORY NO. 6:

Identify all contracts or agreements YOU negotiated or entered into relating to the "Meet 'Isabelle'" event that took place in September 2021 in New York City, including for each, the names of the contracting parties, locations where the agreement was negotiated and/or executed by each party, purpose of the agreement, nature of any work that was to be performed under the agreement, and/or location in which any terms of the agreement was actually performed.

## ANSWER TO INTERROGATORY NO. 6:

De Tomaso objects to Interrogatory No. 6 because the undefined terms "agreements," "negotiated," "purpose," "work," and "negotiated" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso

to identify "all" contracts and agreements.  De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  De Tomaso also objects to this Interrogatory to the extent it seeks legal conclusions, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:  De Tomaso entered into vendor agreements with Tangent Vector, CMF Production Holdings LLC d.b.a. Wistar Productions, Derek DeAngelis, Cipriani, Aaron Brimhall, Masstige Communicacion, 24, Creativ House, Victoria Tyson, and Italcosmetics S.R.L.  Additionally, De Tomaso directs Plaintiff to documents produced in response to the Court's Order requiring production of "all documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York."  ECF No. 98.

## INTERROGATORY NO. 7:

Identify all steps YOU took to market the "Meet 'Isabelle'" event that took place in September 2021 in New York City, including any press releases that were issued, social media posts or advertisements that were published, vendor agreements that were negotiated or entered into, and meetings or events that were held.

## ANSWER TO INTERROGATORY NO. 7:

De Tomaso objects to Interrogatory No. 7 because the undefined terms "steps" "market," "vendor agreements" "negotiated," "entered into," "meetings" and "events" are vague,

ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further

objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it

requires De Tomaso to identify "all steps." De Tomaso objects to this Interrogatory as harassing,

overly broad, and unduly burdensome because it is not bound by a time period relevant to

Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope

of Limited Jurisdictional Discovery ("Order") (ECF No. 98). De Tomaso also objects to this

Interrogatory to the extent it seeks information protected by the attorney-client privilege or the

work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary

business information, information subject to confidentiality agreements with non-parties, and/ or

any other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as

follows: The marketing of the "Meet Isabelle" event was planned by De Tomaso's former CEO,

Berris, whom De Tomaso is no longer in contact with and who negotiated and signed the vendor

agreements. De Tomaso is aware that Berris entered into vendor agreements with Tangent

Vector, CMF Production Holdings LLC d.b.a. Wistar Productions, Derek DeAngelis, Cipriani,

Aaron Brimhall, Masstige Communicacion, 24, Creativ House, Victoria Tyson, and

Italcosmetics S.R.L. Additionally, De Tomaso directs Plaintiff to documents produced in

response to the Court's Order requiring production of "all documents showing the extent of De

Tomaso's corporate activities, dealings, or presence in New York." ECF No. 98.

**INTERROGATORY NO. 8:**

Identify all work that was performed in the State of New York relating to the "Meet

'Isabelle'" event took place in September 2021 in New York City, including the nature of the

work that was performed, dates in which such work was performed, and the identities of the individuals or entities who performed such work.

**ANSWER TO INTERROGATORY NO. 8:**

De Tomaso objects to Interrogatory No. 8 because the undefined terms "work," "nature of," and "performed" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all work" and all "individuals or entities" related to the Meet Isabelle campaign, including those outside of De Tomaso's knowledge or control. De Tomaso also objects to this Interrogatory to the extent it seeks legal conclusions, information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Additionally, De Tomaso objects to this Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso's "Meet Isabelle" event was planned and coordinated by De Tomaso's now former CEO, Berris, whom De Tomaso is no longer in contact with. De Tomaso is unaware of the extent or specific work that Berris performed in preparation for the event or the exact date the work was performed. De Tomaso is aware that Berris entered into vendor agreements with Tangent Vector, CMF Production Holdings LLC d.b.a. Wistar Productions, Derek DeAngelis, Cipriani, and Italcosmetics S.R.L. De Tomaso directs Plaintiff to documents produced in response to the Court's Order requiring production of "all documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York." ECF No. 98.

-14-

**INTERROGATORY NO. 9:**

Identify any and all business trips to the State of New York, from 2014 to present, which YOU or anyone acting on YOUR behalf undertook, including for each trip, the purpose, dates, address(es) where any business activity, meetings, or stays took place, and identities of all persons involved.

**ANSWER TO INTERROGATORY NO. 9:**

De Tomaso objects to Interrogatory No. 9 because the undefined terms "business trips," "undertook," "business activity," "meetings," and "stays" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.  De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "any and all" business trips.  De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).  Additionally, De Tomaso objects to this Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:  De Tomaso hereby incorporates its answer to Interrogatory No. 1 and the documents produced in response to the Court's Order requiring production of "[a]ll documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York."  ECF No. 98.

**INTERROGATORY NO. 10:**

List all corporate, business, and mailing addresses that YOU have used since inception to present, including dates when each address was used and purpose for using each address.

**ANSWER TO INTERROGATORY NO. 10:**

De Tomaso objects to Interrogatory No. 10 because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" addresses. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:

- From September 3, 2020 to May 19, 2023, De Tomaso used the following as a business and mailing address: 200 Glastonbury Blvd, Suite 102, Glastonbury, Connecticut, 06033;

- Starting on May 19, 2023 to the present, De Tomaso has used the following as a business and mailing address: 1521 Cincord Pike Suite 201, Wilmington, Delaware 19803; and

- Starting on December 1, 2023 to the present, De Tomaso has used the following as a mailing address: Unit 716, Spaces, 8 Queens Road East, Wanchai, Hong Kong.

**INTERROGATORY NO. 11:**

State all facts supporting YOUR decision not to compensate JORDA pursuant to the 2021 AGREEMENT and/or 2022 AGREEMENT, including the identities of persons involved in the decision and location where such decision or any discussions relating to such decision took place.

**ANSWER TO INTERROGATORY NO. 11:**

De Tomaso objects to Interrogatory No. 11 because the undefined term "compensate" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" facts. De Tomaso also objects to this Interrogatory to the

extent it seeks a legal conclusion or information protected by the attorney-client privilege or the
work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary
business information, information subject to confidentiality agreements with non-parties, and/ or
any other applicable claim of privilege or legal protection.  Additionally, De Tomaso objects to
this Interrogatory to the extent it assumes an unproven predicate that De Tomaso does not accept.
Finally, De Tomaso objects to this Interrogatory because it is harassing and seeks information
that is unrelated to jurisdictional discovery therefore is irrelevant and outside the scope of  the
limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional
Discovery ("Order") (ECF No. 98).

**INTERROGATORY NO. 12:**

Identify your past and present owners and/or shareholders from 2014 to present,
including for each, their percentage of interest and time period when such interest was held.

**ANSWER TO INTERROGATORY NO. 12:**

De Tomaso objects to Interrogatory No. 12 because the undefined terms "owners" and
"interest" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome.
De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome
because it is not bound by a time period relevant to Jorda's Complaint or the limited
jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional
Discovery ("Order") (ECF No. 98).  De Tomaso also objects to this Interrogatory to the extent it
seeks a legal conclusion information protected by the attorney-client privilege or the work-
product doctrine, or information regarding trade secrets, confidential and/ or proprietary business
information, information subject to confidentiality agreements with non-parties, and/ or any
other applicable claim of privilege or legal protection.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:  Since June 16, 2023, De Tomaso is 100% owned by De Tomaso Automobili Holdings Limited, a Cayman Islands company.  From September 3, 2020 to June 16, 2023, De Tomaso was 100% owned by De Tomaso Automobili Holdings Limited, a Marshall Islands company.

**INTERROGATORY NO. 13:**

Identify your past and present corporate officers and directors from 2014 to present, including for each, the titles or positions held and dates served.

**ANSWER TO INTERROGATORY NO. 13:**

De Tomaso objects to Interrogatory No. 13 because the undefined term "corporate officers and directors" is vague, ambiguous, and renders the Interrogatory overbroad and unduly burdensome.  De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:

| Name | Position | Dates |
|---|---|---|
| Sung Fung "Norman" Choi | Director | September 3, 2020 – Present |
| Ryan Berris | Director CEO & CMO | September 3, 2020 – May 3, 2022 |

**INTERROGATORY NO. 14:**

State any roles, positions, or titles held by CHOI at any time with YOU, including for each, the dates such role, position, or title was held, and responsibilities or duties associated with such, role, position, or title.

-18-

**ANSWER TO INTERROGATORY NO. 14:**

De Tomaso objects to Interrogatory No. 14 because the undefined terms "roles," "positions," "responsibilities," and "duties" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: Choi has served as Director of De Tomaso since September 3, 2020. Choi's responsibilities as Director of De Tomaso includes setting and implementing the company's strategic direction, overseeing daily operations, and managing resources.

**INTERROGATORY NO. 15:**

State any roles, positions, or titles held by BERRIS at any time with YOU, including for each, the dates such role, position, or title was held, and responsibilities or duties associated with such, role, position, or title.

**ANSWER TO INTERROGATORY NO. 15:**

De Tomaso objects to Interrogatory No. 15 because the undefined terms "roles," "positions," "responsibilities," and "duties" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:

| Title | Dates | Responsibilities |
|-------|-------|------------------|
| CMO/ General Manager | September 3, 2020 – May 3, 2022 | Marketing, developing marketing strategies including press releases, events, and social media presence, and sales for vehicles. |
| CEO/ General Manager | September 3, 2020 – May 3, 2022 | Create business strategy, business plan, advising on potential technical partners, establish distribution network for the company, overseeing relationships with vendors. |

**INTERROGATORY NO. 16:**

Identify all persons or entities employed or contracted by YOU who is responsible for handling YOUR employee payroll and corporate accounts receivable, including their title, job description, nature of work, and state and city in which that person or entity resides and/or performed such work.

**ANSWER TO INTERROGATORY NO. 16:**

De Tomaso objects to Interrogatory No. 16 because the undefined terms "persons," "entities," "contracted," "responsible," "employee payroll" and "corporate accounts receivable" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" persons or entities. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a

-20-

time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: En Ti "Diana" Majcher ("Majcher"), handles De Tomaso's employee payroll and corporate accounts receivable.  Majcher resides in Hong Kong.  Majcher performs the majority of her work for De Tomaso in Hong Kong.

**<u>INTERROGATORY NO. 17:</u>**

Describe any and all financial assistance or support, including any cash payments and loans, which YOU provided to CHOI for the use, lease, or purchase of the residential property at 35 HUDSON YARDS.

**ANSWER TO INTERROGATORY NO. 17:**

De Tomaso objects to Interrogatory No. 17 because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "any and all" financial assistance or support.  De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:  None.

**<u>INTERROGATORY NO. 18:</u>**

If YOU contend YOU have always been adequately capitalized, state all facts supporting YOUR contention.

**ANSWER TO INTERROGATORY NO. 18:**

De Tomaso objects to Interrogatory No. 18 because it is harassing and seeks information that is unrelated to jurisdictional discovery and therefore is irrelevant and outside the scope of the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

**INTERROGATORY NO. 19:**

If YOU contend YOU have never comingled YOUR assets with CHOI, state all facts supporting YOUR contention.

**ANSWER TO INTERROGATORY NO. 19:**

De Tomaso objects to Interrogatory No. 19 because it is harassing and seeks information that is unrelated to jurisdictional discovery and therefore is irrelevant and outside the scope of the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

**INTERROGATORY NO. 20:**

If YOU contend that YOU have not failed to adhere to any and all corporate formalities, state all facts supporting YOUR contention.

**ANSWER TO INTERROGATORY NO. 20:**

De Tomaso objects to Interrogatory No. 20 because it is harassing and seeks information that is unrelated to jurisdictional discovery and therefore is irrelevant and outside the scope of the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

**<u>INTERROGATORY NO. 21:</u>**

State all facts supporting YOUR decision to enter into the 2021 AGREEMENT with

JORDA.

**ANSWER TO INTERROGATORY NO. 21:**

De Tomaso objects to Interrogatory No. 21 because it is overbroad and unduly

burdensome to the extent it requires De Tomaso to identify "all" facts.  De Tomaso also objects

to this Interrogatory to the extent it seeks legal conclusions, or information protected by the

attorney-client privilege or the work-product doctrine, or information regarding trade secrets,

confidential and/ or proprietary business information, information subject to confidentiality

agreements with non-parties, and/ or any other applicable claim of privilege or legal protection.

Additionally, De Tomaso objects to this Interrogatory to the extent it seeks information that is

not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as

follows:  De Tomaso did not consent to or enter into a long term agreement with Jorda.

**<u>INTERROGATORY NO. 22:</u>**

State all facts supporting YOUR decision to enter into the 2022 AGREEMENT with

JORDA.

**ANSWER TO INTERROGATORY NO. 22:**

De Tomaso objects to Interrogatory No. 22 because it is overbroad and unduly

burdensome to the extent it requires De Tomaso to identify "all" facts.  De Tomaso also objects

to this Interrogatory to the extent it seeks legal conclusions, or information protected by the

attorney-client privilege or the work-product doctrine, or information regarding trade secrets,

confidential and/ or proprietary business information, information subject to confidentiality

agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Additionally, De Tomaso objects to this Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso did not consent to or enter into a long term agreement with Jorda.

**INTERROGATORY NO. 23:**

Describe all work or services BERRIS performed on YOUR behalf in the State of New York, including dates such work or services were performed and the purpose and nature of the work or services.

**ANSWER TO INTERROGATORY NO. 23:**

De Tomaso objects to Interrogatory No. 23 because the undefined terms "work," "services," and "performed" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" work or services. De Tomaso objects to this Interrogatory as harassing, overly broad, and unduly burdensome because it is not bound by a time period relevant to Jorda's Complaint or the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98). De Tomaso also objects to this Interrogatory to the extent it seeks legal conclusions, or information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. Further, De Tomaso objects to this

Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:  Under Berris' consultancy agreement, which covered Berris' services for work performed for De Tomaso, Berris' primary work place was located in Connecticut.  Per the consultancy agreement Berris provided assistance to De Tomaso via email and phone and travelled to different locations to fulfill his work/ services when needed.  De Tomaso is no longer in contact with Berris.  De Tomaso does not have a companywide calendar or planner and cannot list every single occasion Berris travelled to New York to perform work on its behalf.  However, De Tomaso is aware Berris participated in De Tomaso business related activities in New York on or about the following occasions:

- July 22, 2021, in Purchase, New York, met with representative from Miller Motors;

- August 1, 2021, in New York, New York, for the purpose of meeting with independent contractor, Hugo de Sadeleer;

- August 3, 2021, in New York, New York, for the purpose of meeting with independent contractor, Hugo de Sadeleer;

- September 7, 2021, in New York, New York, for the purpose of a photoshoot;

- September 8, 2021, in New York, New York, for the purpose of a meeting with independent contractor, Ash Thorp;

- September 10, 2021, in New York, New York, for the purpose of P72 development testing at Greenwood Lake Airport in New York;

- September 16, 2021, in New York, New York, for the purpose of the "Meet Isabelle" event;

- September 26, 2021, in New York, New York, for the purpose of filming at Canoe Studios;

- December 4, 2021, in New York, New York, for the purpose of dinner with a client; and

- On or around late April 2022, in New York, New York, several times for the purpose of a potential special purpose acquisition company ("SPAC") transaction for De Tomaso, which was never finalized. Specific dates unrecalled.

Additionally, De Tomaso directs Plaintiff to documents produced in response to the Court's Order requiring production of "all documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York." ECF No. 98.

**INTERROGATORY NO. 24:**

Describe all work or services JORDA performed on YOUR behalf, including dates such work or services were performed and the nature and purpose of the work or services.

**ANSWER TO INTERROGATORY NO. 24:**

De Tomaso objects to Interrogatory No. 24 because the undefined terms "work," "services," and "performed" are vague, ambiguous, and render the Interrogatory overbroad and unduly burdensome. De Tomaso further objects to this Interrogatory because it is overbroad and unduly burdensome to the extent it requires De Tomaso to identify "all" work or services. De Tomaso also objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. De Tomaso objects to this Interrogatory to the extent it calls for information that is already in the possession of or equally available to Jorda or her counsel. Further, De Tomaso objects to this Interrogatory to the extent it seeks information that is not within the Defendant's possession, custody, or control.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows: De Tomaso contracted with Jorda to perform services related to the "Meet Isabelle" marketing campaign. De Tomaso did not consent to or enter into a long term agreement with

Jorda.  De Tomaso only hired Jorda for services limited to a one time "Meet Isabelle" marketing campaign.  Jorda's services for the "Meet Isabelle" campaign were performed in the following days and locations:

- June 18, 2021 – June 27, 2021, in Los Angeles, California, where Jorda test drove a De Tomaso automobile, participated in a photoshoot, and attended meetings regarding the De Tomaso brand;

- September 7, 2021, in New York, New York, where Jorda participated in a photoshoot featuring the P72 in and around the streets of New York City; and

- September 16, 2021, in New York, New York, where Jorda attended the launch of the "Meet Isabelle" marketing campaign event.

## INTERROGATORY NO. 25:

For each of the Requests for Admissions, Set One to YOU, to which YOUR response is a denial or otherwise not an unqualified admission, state all facts supporting that response.

## ANSWER TO INTERROGATORY NO. 25:

De Tomaso objects to Interrogatory No. 25 to the extent it seeks information protected by the attorney-client privilege or the work-product doctrine, or information regarding trade secrets, confidential and/ or proprietary business information, information subject to confidentiality agreements with non-parties, and/ or any other applicable claim of privilege or legal protection. De Tomaso objects to this Interrogatory to the extent it exceeds the obligations imposed by Fed. R. Civ. P. 36 (a)(4).  To the extent applicable, De Tomaso incorporates his objections to each of the following referenced Requests for Admission.

Subject to and without waiving any of the foregoing objections, De Tomaso answers as follows:

- Denial to Request for Admission No. 2:  De Tomaso did not consent to or enter into a long term agreement with Jorda.

- Denial to Request for Admission No. 3:  De Tomaso did not consent to or enter into a long term agreement with Jorda.

- • Denial to Request for Admission No. 4:  Under De Tomaso's LLC Agreement, Berris is not authorized to enter into binding agreements on De Tomaso's behalf without prior approval.  De Tomaso did not approve a long term agreement with Jorda.

- • Denial to Request for Admission No. 9:  De Tomaso compensated Jorda on January 24, 2022 pursuant to an invoice Jorda submitted for "[w]ork done from September to December" 2021.

- • Denial to Request for Admission No. 10:  There are no cars registered in De Tomaso's name in the state of New York.

- • Denial to Request for Admission No. 13:  De Tomaso objects to this Request because it calls for a legal conclusion.

- • Denial to Request for Admission No. 17:  De Tomaso is 100% owned by De Tomaso Automobili Holdings Limited, a Cayman Islands company.

- • Denial to Request for Admission No. 22: De Tomaso is unaware of any meeting between Choi and Jorda at 35 Hudson Yards in New York City.

- • Denial to Request for Admission No. 23: De Tomaso has not provided any loan, distribution, or financial assistance to Choi.

- • Denial to Request for Admission No. 24: De Tomaso objects to this Request because it calls for a legal conclusion.

Dated:  September 11, 2025

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

/s/ *Paul Werner*
Paul Werner (*pro hac vice*)
Imad Matini (*pro hac vice*)
Hannah Wigger (*pro hac vice*)
Alexandra Bustamante (*pro hac vice forthcoming*)
2009 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: 202.747.1932
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
abustamante@sheppardmullin.com

Bradley M. Rank
30 Rockefeller Plaza
New York, NY 10112

Telephone: 212.653.8700
brank@sheppardmullin.com

*Attorneys for Defendant De Tomaso*

## <u>VERIFICATION</u>

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief.

Date: _September 11, 2025_

Signature: _____

En Ti "Diana" Majcher
Independent Contractor for De
Tomaso Automobili Holdings N.A.
LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 11, 2025, the foregoing document was served via

electronic mail and first class mail to the following counsel of record:

Chris Frost
John Desmond Maatta
Jeffrey C. Bogert
Lawrence J.H. Liu
Frost LLP
10960 Wilshire Blvd, Ste 1260
Los Angeles, CA 90024
424-254-0441
Chris@frostllp.Com
John@frostllp.Com
Jeff@frostllp.Com
Lawrence@frostllp.Com

Peter Pottier
10 Confucius Plaza Ste 15k 10002
New York, NY 10002
646-279-9910
Peter@frostllp.Com

Simon Joel Kasha Miller
Raines Feldman, LLP
1350 Avenue Of The Americas Ste 22nd Floor
New York, NY 10019
917-790-7105
Smiller@raineslaw.Com

By: <u>*s/ Hannah Wigger*</u>