# EXHIBIT G



September 26, 2025

VIA E-MAIL

Paul Werner
Hannah Wigger
Imad Matini
Alexandra Bustamante
**Sheppard, Mullin, Richter & Hampton LLP**
PWerner@sheppardmullin.com
HWigger@sheppardmullin.com
IMatini@sheppardmullin.com
abustamante@sheppardmullin.com

   Subject: ***Carmen Jorda v. DeTomaso Automobili Holdings N.A. LLC, et al.* (No. 1:23-cv-09809 (ALC)) – Meet & Confer re Defendants' Responses to Plaintiff's Jurisdictional Discovery Requests**

Dear Counsel:

We write to you regarding the Responses by Defendants DeTomaso Automobili Holdings N.A. LLC and Norman Choi to Plaintiff Carmen Jorda's Jurisdictional Discovery Requests, consisting of Requests for Production of Documents ("RFPs"), Interrogatories, and Requests for Admissions ("RFAs"). Defendants' Responses are deficient in multiple respects as explained below. Please provide supplemental responses curing these deficiencies, produce any responsive documents previously withheld, and provide us a privilege log by no later than **October 2, 2025**.

### I. Privilege Log

In all sets of Responses, Defendants have asserted general and/or specific objections based on attorney-client privilege, work product doctrine, trade secrets, confidentiality, or other privileges or protections. *See* Defendants' General Objections No. 3 (RFPs & RFAS); Objections to Instructions No. 1 (RFPs); and specific responses to RFAs and Interrogatories.

"The party withholding a document on the basis of attorney-client privilege or the work product doctrine bears the burden of establishing facts to demonstrate applicability of the protective rule." *Robinson v. De Niro*, No. 19CV9156LJLKHP, 2022 WL 704922, at *2 (S.D.N.Y. 2022) (quoting *In re Grand Jury Subpoena Dated Jan. 4, 1984*, 750 F.2d 223, 224–25 (2d Cir. 1984)). "Rule 26 of the Federal Rules of Civil Procedure provides that when a party withholds documents on the grounds of privilege, it must both 'expressly make the claim' and 'describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.'" *Id.* (citing Fed. R. Civ. P. 26(b)(5)(A)). "In addition, the Local Civil Rule specifies that the party must provide complete identifying information, date, type of document, and subject matter in a privilege log at the time the party responds to discovery." *Id.* (citing *Dey, L.P. v. Sepracor, Inc.*, 2010 WL 5094406, at *2 (S.D.N.Y. 2010); L.R. 26.2(c)). "Moreover, failure to timely provide a privilege log may operate as a waiver." *Strauss v. Credit Lyonnais, S.A.*, 242 F.R.D. 199, 236 (E.D.N.Y. 2007).

Defendants have not identified what specific information or documents are being withheld on the basis of privilege and the grounds asserted for such privileges. Pursuant to Federal Rule of Civil Procedure 26(b)(5) and Local Rule 26.2, please immediately provide us a privilege log identifying any information or documents withheld on the grounds of privilege, the grounds for privilege, and other identifying information required under Local Rule 26(a)(2).

## II.     General Objections

In the Southern District of New York, "incorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection. General objections should rarely be used … unless each such objection applies to each document request (*e.g.*, objecting to produce privileged material)." *Fischer v. Forrest*, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. 2017).

Defendants' objections containing the phrase, "to the extent," render it vague and indiscernible as to which requests such objections apply and whether any responsive documents or information are being withheld on such basis. Please supplement Defendants' Responses by withdrawing these boilerplate general objections. To the extent Defendants have withheld responsive information or documents on the basis of any general objection, please identify such basis and the responsive information or documents being withheld.

Additionally, Defendants' General Objection No. 5 concerning the European Union's General Data Protection Regulation ("GDPR") is inapplicable to United States litigation. *See In re Hansainvest Hanseatische Inv.-GmbH*, 364 F. Supp. 3d 243, 252 (S.D.N.Y. 2018) (granting discovery for documents held by foreign custodians when the costs for producing those documents in compliance with the GDPR and other applicable European data privacy laws was paid by the

Sheppard Mullin
September 26, 2025
Page 3

applicant); *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14CV04394AJNBCM, 2017 WL 7512815, at *6 (S.D.N.Y. 2017) (finding litigation purposes is a legitimate interest for which privacy interests are minimal). Defendants cannot refuse to substantively respond and produce documents, particularly when these responses concern litigation in the United States for actions based on contracts with a United States citizen. Please confirm that you will withdraw this general objection and produce or provide any responsive documents and information Defendants have withheld on the basis of this objection.

### III.   Objections to Definitions of Parties and Pronouns

It is well understood that "[a] Court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Wards Co. v. Stamford Ridgeway Assocs.*, 761 F.2d 117, 120 (2d Cir. 1985).

Under Local Rule 26.3(a), the uniform definitions are "deemed incorporated by reference into all discovery requests." "The terms 'plaintiff' and 'defendant' as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates." L.R. 26.3(c)(5). Plaintiff's party definitions—"DETOMASO," "CHOI," "YOU," YOUR," and "JORDA"—each incorporate these uniform definitions under Local Rule 26.3(c)(5).

In their Objections to Definitions Nos. 1 and 2, Defendants have objected to the definitions of the parties "DETOMASO" and "CHOI" and their pronouns "YOU" and "YOUR," while stating that they have narrowly construed such definitions to mean "De Tomaso Automobili Holdings N.A. LLC" and "Sung Fung Choi a/k/a Norman Choi" "and no other person or entity." Similarly, in Objection to Definition No. 3, Defendants narrowly interpret the term "JORDA" as "referring or relating only to Carmen Jorda." Similarly, Defendants have asserted in Objections to Instructions No. 1, that each Defendant is responding on behalf of himself or itself "and no other person or entity."

These narrow interpretations of the party definitions fail to comply with Local Rule 26.3(c)(5) and Plaintiff's definitions in her Requests. Accordingly, for each set of Defendants' Responses, please supplement by withdrawing Objections to Definitions Nos. 1 through 3, and provide appropriate supplemental responses and documents in compliance with L.R. 26.3(c)(5), interpreting the party definitions to include the named party's "officers, directors, employees, partners, corporate parent, subsidiaries or affiliates."

If any documents or information have been withheld on the basis of these Objections to Definitions, please specifically identify what materials or information have been withheld in an appropriate privilege log.

Sheppard Mullin
September 26, 2025
Page 4

## IV. Specific Objections

### A. Vagueness and Ambiguity Objections

Defendants have objected to RFAs 1, 3-5, 7-19, 21-25 and Interrogatories 1-4, 8, 12-19, 21-24 as to Choi and RFAs 1, 5-17, 19, 20-25 and Interrogatories 1-16, 23, 24 as to DeTomaso on vagueness and ambiguity grounds. These boilerplate objections are improper. Discovery requests need only be worded to "allow defendants fairly to admit or to deny them" such that "the extent of each admission or denial can be ascertained without excessive qualification." *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989); *Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990) (internal citations omitted); see *Merrimack Mut. Fire Ins. Co. v. Home Depot U.S.A., Inc.*, No. 24-CV-02627 (HG), 2024 WL 3561104, at *1 (E.D.N.Y. July 22, 2024) (explaining court considers the "plain language" of the discovery request).

Defendants must respond to these Requests in good faith, otherwise identify specifically what is vague or ambiguous with each Request or withdraw these improper boilerplate objections.

### B. Objections Based on Legal Conclusions

Defendants' objections that certain Requests call for legal conclusions is also without merit. Under Federal Rule of Civil Procedure 36, a party may propound RFAs relating to "facts, the application of law to fact, or opinions about either." Only "requests for admissions of law unrelated to the facts of the case are not authorized." *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). Discovery of facts that can be used to reach a legal conclusion does not make those facts undiscoverable. Choi's responses to RFAs 3, 4, 5, 8, 9, 13, 15, 17, 18, 19, 21, 23, 25 and Interrogatories 3, 5, 6, 7, 17, 18 are only calling for facts that might establish a legal conclusion, and do not call for legal conclusions themselves.

Furthermore, "objections to requests seeking the documents supporting specific allegations in Plaintiff's complaint on the grounds that such requests call for a legal conclusion are improper." d). *Williams v. Fed. Gov't of Nigeria*, No. 23-CV-7356 (LJL), 2024 WL 5247931, at *3 (S.D.N.Y. 2024). "Document requests frequently call for all documents that the responding party contends support specific allegations in its complaint[;] [t]his request is not objectionable on the grounds that it calls for attorney work product." *Id.* (citing *Trustees of Loc. 854 Pension Fund v. Barrett*, 2024 WL 4026257, at *4 (S.D.N.Y. 2024)).

Accordingly, please provide supplemental responses withdrawing these improper objections and produce any additional documents withheld on such basis.

### C. <u>Objections Based on Confidentiality</u>

"There is no generic 'privacy' privilege under the broad civil discovery regime of the Federal Rules of Civil Procedure, other than the provisions under Rule 26(c) to protect persons from 'annoyance, embarrassment, oppression, or undue burden or expense.'" *Goodman v. City of New York*, No. 03 CIV. 2497 (GEL), 2004 WL 1661105, at *2 (S.D.N.Y. 2004) ("Defendants have made no showing of embarrassment or oppression that is sufficient to deny the plaintiff discovery ….").

Merely because information is confidential does not entitle it to absolute protection. "Where a party asserts a privacy interest in avoiding disclosure, the Court weighs that interest by considering both the degree to which the subject matter is traditionally considered private rather than public, as well as [t]he nature and degree of the injury to which the party resisting disclosure would be subjected were the privacy interest not protected." *Olson v. Major League Baseball*, 466 F. Supp. 3d 450, 456 (S.D.N.Y. 2020). To this end, courts can employ multiple measures to protect private information. *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15CIV0293LTSJCF, 2017 WL 2889501, at *5 (S.D.N.Y. 2017) (emphasizing the issuance of a protective order is adequate means of protecting a privacy interest and preventing misuse of private information); *Robert F. v. N. Syracuse Cent. Sch. Dist.*, No. 518CV594LEKATB, 2020 WL 12846935, at *3 (N.D.N.Y. 2020) (highlighting courts can order disclosure be limited to counsel so that a party's lawyers may litigate on the basis of that information without revealing it to the party themselves.)

Plaintiff's Requests are narrowly tailored for purposes of establishing Defendants' presence and activities in New York relevant to the issue of personal jurisdiction. Defendants have not requested a protective order nor agreed to provide responsive information subject to the entry of a protective order. As such, Defendants must remove their objections to confidential information and supplement their responses, including but not limited to the following Requests: Choi RFAs, 1-22, 24, 25; Choi Interrogatories 3-8, 12, 15, 17-20, 25; DeTomaso RFAs 1-12, 14-25; and DeTomaso Interrogatories 3, 5, 6, 7, 8, 11, 12, 21-25. To the extent Defendants have withheld documents based on privacy, trade secret, or confidentiality objections, they must be identified in an accompanying privilege log.

### D. <u>Objections as to Scope and Time</u>

Defendants' overbreadth objections are also meritless. Every interrogatory is time limited to, at most, a period of 7 years prior to the litigation, which is reasonable. *Go v. Rockefeller Univ.,* 280 F.R.D. 165, 172 (S.D.N.Y. 2012) (discovery generally permitted for a few years prior to the defendants' alleged illegal action.) It is notable that the only Interrogatories asking for information beyond 3 years prior to the incidents are Interrogatories generally aimed to establish the Defendants' business and presence in the State of New York generally, as directly allowed under the Order. (ECF. No 98.)

Sheppard Mullin
September 26, 2025
Page 6

Further, Defendants' objections as to time are blanket in nature. For example, DeTomaso objects that Interrogatory 6 is not bound by a relevant time period, despite the interrogatory asking DeTomaso to "Identify all contracts or agreements YOU negotiated or entered into relating to the 'Meet "Isabelle"' event that took place in September 2021 in New York City[.]" Defendants' objections based on any requests being overbroad as to scope or time should be withdrawn, and responses supplemented as necessary.

### V.     Responsive Documents That Defendants Refused to Produce

Defendants have refused to provide responsive documents to the following RFPs that are relevant for purposes of proving personal jurisdiction. In particular, the Court expressly allowed Plaintiff to seek: (1) All documents showing the extent of De Tomaso's corporate activities, dealings, or presence in New York; (2) All documents showing the extent of Choi's presence, business, or dealings in New York; and (3) All documents showing the extent of Defendants' presence, transactions, and dealings in New York that directly relate to the agreement alleged in this case. (ECF No. 98.)

Defendants' objections that these RFPs being outside the scope of the Court's jurisdictional discovery order and that "[t]he Order does not allow the parties to submit request for production" are without merit. Accordingly, Defendants must withdraw these objections, supplement their responses to state that they will comply with such Requests, and immediately produce any responsive documents previously withheld.

#### A.     RFPs to Choi

**RFP 1.** Choi must produce documents and communications between himself and Jorda. Such documents are properly within the Court's order as they reflect Choi's presence, business, or dealings with Plaintiff, including for work that she performed in New York.

**RFP 2.** Documents and communications between Choi and Berris related to the work performed by Jorda on behalf of DeTomaso—are relevant as they pertain to work that Choi performed or authorized on behalf of DeTomaso in New York.

**RFPs 3 and 4.** Documents and communications relating to the 2021 and 2022 Agreements are relevant to show the extent of Jorda's work on behalf of, or for the benefit of, Defendants, in the State of New York.

**RFP 5.** Choi did not produce any documents and communications relating to payment for work performed by Jorda on behalf of or for the benefit of DeTomaso in New York.

**RFP 6.** Choi refused to produce documents and communications relating to the "Meet 'Isabelle'" campaign event occurred in New York City. Such responsive documents are related to Choi's business and presence in New York.

Sheppard Mullin
September 26, 2025
Page 7


**RFPs 11 and 21.** Documents showing Choi's use, purchase, or lease of any business property or equipment in the State of New York are directly relevant to show his business and presence in New York.

**RFP 12 and 15.** All loans Choi received from a bank or financial institution in the State of New York is direct evidence of his business and transactions in New York. Choi neither produced such documents nor claimed no such documents exist.

**RFP 13.** All documents and communications related to Choi's use, purchase, or lease of any real property in the State of New York goes directly to presence in New York. According Choi's Response to Interrogatory 21, Choi has used the residence at 35 Hudson Yards.

**RFP 16 and 17.** Documents relating to Choi's visa applications to U.S. immigration authorities are relevant for establishing his presence in New York.

**RFP 18.** All documents or communications or invoices for Choi's hotel stays in New York relate to Choi's presence in New York. Choi neither produced documents nor claimed no such documents exist.

**RFP 19.** Choi must produce documents responsive to RFP 19. All documents and communications reflecting or relating to any business meeting Choi attended in the State of New York goes directly to Choi's presence and business in New York.

**RFP 20.** Choi's use, purchase, or lease of personal, residential, commercial, or tangible property or equipment in the State of New York directly goes to business and presence in New York.

**RFP 22 and 23.** Choi's attendance at business events in the State of New York, including photo shoots or promotional events, relate to the Court's order to produce documents relating to Choi's business and presence in New York. To Interrogatory 1, Choi admitted that he attended business events in New York.

**RFP 24.** Any meetings, photoshoots, or events with Jorda in the State of New York not only goes to presence and business in New York but addresses the specific allegations in the Complaint.

**RFP 25.** All contracts or agreements entered into by Choi or entered into on his behalf in the State of New York directly goes to the order to produce documents related to presence, business, and/or transactions in New York.

**RFP 26 and 28.** All employment or income in the State of New York, by Choi or his spouse, shows Choi's business and presence in New York.

**RFPs 29 and 30.** Documents related to any work or business you perform in the State of New York goes directly to your business and presence in New York. As Choi admitted to RFAs 16 and 22, there should be documentation on the work that Choi performed in New York.

**RFPs 31.** Documents reflecting any personal or business expenses paid or reimbursed by DeTomaso to Choi for any work, transactions, or dealings in the State of New York goes directly to the topics in the Court's Order.

**RFP 32.** Choi must produce documents responsive to RFP 32. All documents and communications relating to any use of Jorda's likeness by Choi, at least to the extent that Jorda's likeness was used in the State of New York, is responsive to the Court's order.

**RFP 33.** All documents sufficient to show any direct or indirect ownership interest in DeTomaso by Choi is relevant because it can show that actions taken by DeTomaso were done on Choi's behalf.

**RFPS 34, 35, 41.** These documents can show the comingling of assets between Choi and DeTomaso, which can show DeTomaso was acting on Choi's behalf.

**RFP 36.** Choi's general presence in Connecticut, the alleged main office of DeTomaso, is relevant for showing Choi's presence and business in New York. In response to RFA 19, Choi admits he did not visit any Connecticut office associated with DeTomaso from 2020 to 2022. Choi also admits in RFA 22 that he traveled more frequently to New York than to Connecticut for DeTomaso business.

**RFP 37 and 38.** If any payments, distributions, or loans are addressed to or from New York banks or addresses, then that would establish Choi's business or presence in New York.

**RFP 39 and 40.** RFP 39 asks directly for all documents relating to any transactions or business dealings by YOU in the State of New York, as expressly required by the Order. RFP 40 similarly revolves around solicitation of business in the State of New York, which is likewise relevant to the topics in the Order.

**RFP 42, 43.** The Requests for Admission and Interrogatories were all allowed under the order and relate to the same subject matter allowed under the order. Choi's blanket refusal to produce documents responsive to any of them is improper.

    **B.**    **RFPs to DeTomaso**

**RFPs 11 and 13.** If DeTomaso used, purchased, or leased any business property or equipment in the State of New York, which would go to business, transactions, and presence in the State of New York.

Sheppard Mullin
September 26, 2025
Page 9

**RFP 14.** Business meetings involving DeTomaso and its agents in the State of New York goes directly to presence and business in New York. According to its responses to Interrogatories 1 and 3, DeTomaso did have meetings in the State of New York.

**RFP 15.** Documents sufficient to show any banking or financial accounts opened, maintained, or controlled by DeTomaso in the State of New York goes directly to business, transactions, and presence in the state of New York.

**RFPs 16 and 19.** All documents and communications related to DeTomaso's use, purchase, or lease of any property in the State of New York goes directly to presence in New York. According to his response to Interrogatory 21, Choi has stated that he used the residence at 35 Hudson Yards.

**RFP 17.** All documents sufficient to show any agreements with any law firm, accounting firm, or consulting firm for any services performed on DeTomaso's behalf in the State of New York goes directly to DeTomaso's transactions in New York.

**RFPs 20 and 21.** DeTomaso's attendance at business events in the State of New York, including photo shoots or promotional events, relate to Choi's business and presence in New York. In response to Interrogatory 1, DeTomaso stated that it attended business events in New York.

**RFP 27.** DeTomaso's ownership structure is relevant to determining who DeTomaso acted in the interests of, including but not limited to Choi. DeTomaso neither produced documents nor claimed no such documents exist.

**RFPs 29 and 30.** Not only does the corporate meeting minutes show the following of corporate formalities, but the meeting minutes could list the location of any meetings that occurred in the state of New York, establishing business and presence in New York. The same applies for shareholder reports.

**RFP 31 and 32.** If any payments, distributions, or loans are addressed to or from New York banks or addresses, then that would establish DeTomaso's business or presence in New York.

**RFP 33.** If there are no documents relating to the lease, purchase, or use of corporate office space in Connecticut from 2020 to present, then Connecticut is not the nerve center of DeTomaso. If Connecticut is not the headquarters, than it could be highly relevant to determining if the extent of business in New York constitutes New York being the headquarters.

**RFP 34.** If DeTomaso is undercapitalized, it would be relevant to determining if DeTomaso is an alter ego of Choi or any other owners, further establishing DeTomaso's presence in New York.

**RFP 35.** The sharing or transferring of assets between DeTomaso and Choi would establish if DeTomaso is an alter ego of Choi for the purposes of jurisdiction, further establishing DeTomaso's presence in New York.

Sheppard Mullin
September 26, 2025
Page 10

**RFPs 36, 42, 44.** RFP 44 asks directly for all documents relating to any transactions or business dealings by DeTomaso in the State of New York, as required by the Order. RFP 36 similarly revolves around solicitation of business in the State of New York, which is responsive to the Order. RFP 42 pertains to any income from those business activities, relating to transactions and business in the State of New York.

Please provide supplemental responses by Defendants to the above RFPs stating that Defendants will comply with these Requests, produce any responsive documents previously withheld, and provide a privilege log identifying any documents withheld.

\*   \*   \*

Based on the foregoing, please provide Defendants' supplemental responses to Plaintiff's discovery requests and produce any additional responsive documents along with a privilege log, by no later than **October 2, 2025**.

We look forward to further discussing these issues during our scheduled videoconference on Tuesday, September 30, 2025, and hope that these issues may be resolved without necessitating Court intervention. Plaintiff, however, reserves all rights and remedies available, including seeking recovery of attorney's fees and costs as appropriate.

Very truly yours,

Lawrence J.H. Liu
FROST LLP