# EXHIBIT H

| | |
|---|---|
| **From:** | Lawrence Liu |
| **To:** | "Hannah Wigger"; Paul Werner; Imad Matini; Alexandra Bustamante |
| **Cc:** | Jesse Frankel; John Maatta; Greg Thomson; Kevin Salmassy; Chris Frost |
| **Subject:** | RE: October 6 Meet And Confer |
| **Date:** | Monday, October 6, 2025 12:51:00 PM |

Hannah,

We have a few disagreements with your summary of today's call. I have highlighted the relevant issues discussed below, as well as provided additional supporting legal authorities that you requested.

**Missing Documents:**

Defendants repeatedly asserted that they produced "documents *sufficient to*" show each of the categories identified in the Court's order despite the Order expressly stating "*all* documents" showing Defendants' activities. (ECF No 98.) Defendants confirmed their position that Plaintiff was not entitled to propound RFPs, and that Defendants' document production is solely in response to their interpretation of the Court's order and not to the specific RFPs propounded by Plaintiff. Yet, given Defendants' vague objections and incomplete document production, it is unclear and ambiguous whether: (1) Defendants conducted a diligent search for all responsive documents, (2) what documents have been produced as to which categories, and (3) what documents are being withheld and under what basis. *See* Fed. R. Civ. P. 34(b)(2)(C) ["An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."].

We noted that Defendants did not produce any communications with Choi—particularly between Choi and Berris, including communications regarding the Hamptons Bridge event or the Meet Isabelle campaign, both of which took place in New York. You could not confirm whether Defendants had searched for such communications and whether such communications exist. You were also unsure whether Choi was even involved or present at either event that occurred in New York with Berris and Choi, despite Defendants' discovery responses confirming Choi's attendance at both meetings. You could not confirm one way or another whether such responsive communications by Choi exist and have been withheld.

We also explained that Defendants did not produce any documents relating to the Hudson Yards apartment located in New York. You disputed that such documents were within the scope of the jurisdictional discovery because Choi allegedly did not personally purchase the property. We explained that even if Choi did not purchase the property in his own name, we are entitled to documents relating to the purchase or use of the apartment by any entity owned, controlled, or managed by him. Notwithstanding the legal ownership issue, we also explained that such documents reflecting his use of the apartment is relevant for establishing jurisdiction, including general jurisdiction, given the fact that Choi admitted to living in the

apartment during the relevant period.

**Entities Controlled by Choi:**

We rejected your attempt to shift the burden on Plaintiff to identify the specific entities Choi owns, controls, or manages, that have conducted activity on behalf of Choi in New York. We are entitled to all documents in Defendants' "*possession, custody, or control,*" even if such documents belong or are related to a non-parties to this lawsuit. *See* Fed. R. Civ. P. 34(a)(1). "Control for the purposes of discovery is broadly defined, and includes situations where the party 'has the practical ability to obtain the documents from another, irrespective of his legal entitlement to the documents.'" *Raimey v. Wright Nat'l Flood Ins. Co.*, 76 F. Supp. 3d 452, 470 (E.D.N.Y. 2014) (citing *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. 1992); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 90 Civ. 7811(AGS) 1994 WL 510043 at *3 (S.D.N.Y. 1994)).

"Numerous courts have concluded that a parent corporation has a sufficient degree of ownership and control over a wholly-owned subsidiary that it must be deemed to have control over documents located with that subsidiary." *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.*, No. 01 CIV. 3016( AGS)HB, 2002 WL 1835439, at *4 (S.D.N.Y. 2002) ("*Fox Film*") (citing *Dietrich v. Bauer*, 95 Civ. 7051(RWS), 2000 WL 1171132 at *3 (S.D.N.Y. 2000) (listing cases)). Furthermore, "[a] party's control over third-party documents extends to the records of a corporation for which the party serves as an officer." *Wiwa v. Royal Dutch Petroleum Co.*, No. 01CIV1909(KMW)(HBP), 2009 WL 529224, at *2 (S.D.N.Y. 2009) (citing *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 236 F.R.D. 177, 181 (S.D.N.Y. 2006) (finding that a party has control for Rule 34(a) purposes over records of a corporation for which he was a senior officer); *Scott v. Arex*, 124 F.R.D. 39, 41 (S.D.N.Y. 1989) (a party controls records of any third-party corporate entities that he "has the right, authority, or ability to obtain upon demand")).

**Objections Based on Party Definitions and Pronouns:**

We reiterated that Defendants' narrow interpretation of the party definitions and pronouns in their responses to all sets of requests was also improper. Local Rule 26.3(c)(5) expressly mandates that party names and pronouns be interpreted to include corporate parents, subsidiaries, and affiliates. You asked us to identify the specific corporate entities controlled by Choi, but we explained that it was not our burden to do so, given that such information is solely within your client's possession. These issues pertain to Defendants' general objections affecting each and every specific response to Plaintiff's RFPs, RFAs, and Interrogatories. *See Fox Film*, 2002 WL 1835439, at *3 (S.D.N.Y. 2002) ["A party served with interrogatories is obliged to respond by 'furnish[ing] such information as is available to the party.' [Defendant] therefore is obliged to respond to the interrogatories not only by providing the information it has, but also the information within its control or otherwise obtainable by it."] (citing *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445 (S.D.N.Y. 2000)).

Based on these unresolved discovery disputes, we explained that we will be submitting a letter brief to the Court today to seek an informal discovery conference and to extend the discovery deadline. We understand that Defendants will not stipulate to any extension of discovery nor join in our letter to the Court, so we will raise the issues on behalf of Plaintiff only. We reiterate that Defendants refused to meet and confer with us until today—10 days after we first sent our meet and confer letter, and three days before the Court's ordered discovery deadline.

We also disagree with your characterization of our informal settlement discussions during the call, but we will follow up by separate email regarding those issues.

In the meantime, Plaintiff reserves all rights.

Regards,
Lawrence



Lawrence J.H. Liu
Counsel
Email: lawrence@frostllp.com
Phone: (917) 837-5395
10960 Wilshire Blvd., Suite 2100
Los Angeles, CA 90024

This e-mail message is confidential, is intended only for the named recipient(s) above, and may contain information that is privileged, attorney work product, or otherwise be exempt from disclosure under applicable law. If you received this message in error, please immediately notify the sender by return e-mail and delete this e-mail message from your computer. Thank you.

**From:** Hannah Wigger <HWigger@sheppardmullin.com>
**Sent:** Monday, October 6, 2025 10:48 AM
**To:** John Maatta <John@frostllp.com>; Greg Thomson <gthomson@frostllp.com>; Kevin Salmassy <Kevin1@frostllp.com>; Chris Frost <Chris@frostllp.com>; Lawrence Liu <lawrence@frostllp.com>
**Cc:** Paul Werner <PWerner@sheppardmullin.com>; Imad Matini <IMatini@sheppardmullin.com>; Alexandra Bustamante <abustamante@sheppardmullin.com>
**Subject:** October 6 Meet And Confer

[EXTERNAL E-MAIL]

Lawrence,

We write to memorialize our meet and confer conference today. We reiterated what we said in

our letter last week – we responded to the Court's RFPs, but the Court did not authorize the parties to file RFPs.  We did not withhold responses to your RFAs or ROGs based on our objections, but are entitled to make objections where they are vague, unreasonable, etc so that Jorda can understand the responses.   We reiterated that we have not withheld documents because they were from De Tomaso's agents, executives, etc, but we are not required to produce responses from entities who are not parties to this case.   In an effort to resolve any disputes, we did ask you which other entities you were interested in, and you said "it's not our burden to identify entities."   You did not raise issues with any particular RFA or ROG.

You stated your intention to file a letter motion with the Court.  We reiterated that we oppose any extension of the discovery period, especially where you delayed months in issuing discovery requests.

Confidential Settlement Communication ███████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████

Thanks,

**Hannah Wigger** | Associate
+1 202-747-2673 | direct
HWigger@sheppardmullin.com | Bio

**Sheppard**Mullin
2099 Pennsylvania Avenue, NW, Suite 100
Washington,  DC 20006-6801
+1 202-747-1900 | main
www.sheppardmullin.com | LinkedIn

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.