IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARMEN JORDA, an individual,<br><br>            Plaintiff,<br><br>            v.<br><br>DeTOMASO AUTOMOBILI HOLDINGS, N.A. LLC a Delaware Limited Liability Company; SUNG FUNG CHOI (a/k/a NORMAN CHOI) an individual,<br><br>            Defendants. | Case No.: 23-cv-09809 (ALC) |

**DECLARATION OF LAWRENCE J.H. LIU IN SUPPORT OF
STATUS REPORT BY PLAINTIFF CARMEN JORDA FOLLOWING
JURISDICTIONAL DISCOVERY**

## DECLARATION OF LAWRENCE J.H. LIU

I, Lawrence J.H. Liu, declare as follows:

1. I am an attorney admitted pro hac vice to practice before this Court, and am counsel with the law firm of FROST LLP, attorneys of record for Plaintiff Carmen Jorda ("Plaintiff"). I have personal knowledge of the facts stated herein and, if called upon to testify as a witness, I could and would competently testify thereto. I make this Declaration in support of the Plaintiff's Status Report following Jurisdictional Discovery, filed concurrently herewith.

2. On August 12, 2025, Plaintiff served written jurisdictional discovery requests on Defendants De Tomaso Automobili, N.A. ("De Tomaso") and Norman Choi ("Choi") (together, "Defendants"), consisting of Requests for Admission ("RFAs"), Requests for Production ("RFPs"), and Interrogatories, directed at each Defendant.

3. On September 11, 2025, Defendants served responses to Plaintiff's requests. True and correct copies of Choi's responses to Plaintiff's RFAs, RFPs, and Interrogatories are attached as **Exhibits A to C**, respectively. True and correct copies of De Tomaso's responses to Plaintiff's RFAs, RFPs, and Interrogatories are attached as **Exhibits D to F**, respectively.

4. On December 7, 2024, Choi's deposition was taken in the concurrently pending related case, *Ryan Berris v. Norman Choi, et al.* (S.D.N.Y. Case No. 1:23-cv-04304 (AS)) (the "Berris Action"). A true and correct copy of relevant excerpts from the certified transcript of Choi's deposition are attached as **Exhibit G**.

5. On April 11, 2024, De Tomaso served Plaintiff a cease-and-desist letter alleging that Plaintiff had infringed on De Tomaso's marks, trade name, and branding. In the letter, De Tomaso referenced Jorda's work with De Tomaso "on discrete marketing campaigns for a limited time," but alleged that Jorda had no right to use De Tomaso's marks or trade name for self-

promotion. De Tomaso supported its claims by citing to N.Y. General Business Law §§ 360-K and 360-L regarding trademark infringement and dilution. A true and correct copy of De Tomaso's letter dated April 11, 2024, is attached as **Exhibit H**.

6. Upon my review of Defendants' discovery responses and document production served on September 11, 2025, numerous categories of relevant documents appear to be missing or withheld without any explanation, including documents relating to Choi's purchase and use of the 35 Hudson Yards apartment and any communications by Choi, including those related to Jorda or De Tomaso's business activities in New York. *See* Exs. B, E.

7. Defendants also served their own jurisdictional discovery requests on Plaintiff consisting of 50 total RFAs and 50 total Interrogatories. Defendants have further demanded Plaintiff produce documents but did not serve any written RFPs. Plaintiff objected to these requests as being outside the scope of the limited jurisdictional discovery permitted by the Court. (ECF No. 98.)

8. Plaintiff made a written offer of settlement to Defendants on October 9, 2025. To date, the parties have not reached a settlement.

9. On October 13, 2025, I provided counsel for Defendants a draft of a Joint Status Report that contained a separate section for "Plaintiff's Statement." The statement, which has now been incorporated into this Report, discusses the new facts and evidence supporting personal jurisdiction following the parties' jurisdictional discovery ordered by the Court (ECF No. 98).

10. Defendants objected to Plaintiff's statement and refused to join in the filing of a status report that included analysis of the newly discovered jurisdictional evidence. Accordingly, Plaintiff was required to separately submit this Status Report on her own. A true and correct copy of the relevant email thread between my office and Defendants' counsel is attached as **Exhibit I**.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of October 2025.

_____
Lawrence J.H. Liu