# EXHIBIT B

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

CARMEN JORDA, an individual,

                    Plaintiff,

        v.

DE TOMASO AUTOMOBILI HOLDINGS,
N.A. LLC a Delaware Limited Liability
Company; SUNG-FUNG CHOI (A/K/A
NORMAN CHOI) an individual; and RYAN
BERRIS an individual,

                    Defendants.

No. 1:23-cv-09809 (ALC)

## DEFENDANT SUNG-FUNG CHOI (a/k/a NORMAN CHOI)'S RESPONSE TO PLAINTIFF CARMEN JORDA'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant Sung-Fung Choi (a/k/a Norman Choi) ("Choi" or "Defendant") responds to Plaintiff Carmen Jorda's ("Jorda" or "Plaintiff") First Set of Requests For Production of Documents, as follows:

## PRELIMINARY STATEMENT

Defendant reserves the right to use information discovered after the date of its Responses to Plaintiff's Requests, which is now known but whose relevance, significance, or applicability has not yet been ascertained. Defendant's Responses are made without in any way intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

1.     The right to question or object to the authenticity, foundation, relevancy, materiality, privilege, and admissibility of the information produced in response to Jorda's Requests in any subsequent proceeding in, or trial of, this or any other action;

2.     The right to object to the use of information or documents produced in response to the Requests in any subsequent proceeding in, or the trial of, this or any other action on any grounds;

3.     The right to object to the introduction of the Requests or Responses into evidence; and

4.     The right to object on any ground at any time to other discovery involving the subject matter of these Requests or the Responses to these Requests.

## GENERAL OBJECTIONS

The following General Objections apply to each of the Requests.

1.     Choi objects to the Requests to the extent they purport to impose obligations that exceed the scope of limited jurisdictional discovery granted Court's Order on Scope of Limited Jurisdictional Discovery ("Order") (ECF No. 98).

-1-

2.      Choi objects to the Requests to the extent they purport to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.      Choi objects to any and all Requests to the extent they call for disclosing information that is protected from discovery by the attorney-client privilege, the work product doctrine, or any other applicable claim of privilege or legal protection.  Inadvertent production of any document or revealing of information subject to any applicable privilege or protection, including but not limited to the attorney-client privilege and work-product doctrine, is not intended to be, and shall not operate as, a waiver of any such privilege or protection, in whole or in part.

4.      Choi objects to any and all Requests to the extent they seek confidential or proprietary information.

5.      Choi objects to any and all Requests to the extent they seek information protected or limited by the European Union's General Data Protection Regulation ("GDPR").

6.      Choi objects to the Requests to the extent they seek documents that are not within Choi's possession, custody, or control.

7.      Choi objects to the Requests to the extent that they are unduly burdensome or expensive, or seek to impose upon Choi an undue expense or burden that Jorda should properly bear.

8.      Choi objects to the Requests to the extent that they seek information that is irrelevant to the issues presented by Jorda's Second Amended Complaint, or they seek information not reasonably calculated to lead to the discovery of admissible evidence related to jurisdictional discovery.

9.      Choi objects to the Requests to the extent they are vague, ambiguous, contain words or phrases that are confusing, or lack sufficient definition to permit response.  By responding to any Request, Choi does not adopt any meaning Jorda may intend or have in mind, and Choi expressly reserves the right to object to the use or introduction of any Response that mischaracterizes or takes Choi's Response out of context or attempts to apply the Response to a unilateral definition of a particular inquiry.

10.      Choi objects to the Requests to the extent they call for, or can be interpreted as calling for, legal conclusions, or to the extent they assume disputed issues or are phrased in such a way as to be lacking foundation, argumentative, prejudicial, or otherwise improper.

11.      Choi objects to the Requests to the extent they seek documents or data that are the subject of confidentiality agreements, protective orders, or rulings issued by other courts limiting dissemination or usage of the requested documents or information.

12.      Choi objects to the Requests to the extent they call for information that is already in the possession of or equally available to Jorda or her counsel, including but not limited to documents available from government agencies, regulatory bodies, court files, the internet, or commercial industry sources.

13.      Choi reserves his right to challenge the competency, relevancy, materiality, or admissibility at hearing of any of the information or documents he provides in response to these Requests.

14.      Any representation in Choi's Responses that Choi will undertake to produce responsive, non-privileged documents is not a representation that any responsive documents exist but is only a representation that, if such documents exist, they will be produced consistent with Choi's general and specific objections.

15.     Choi's Responses are based upon the best information currently available to him. Choi reserves the right to amend, supplement, or correct his Responses if and when he discovers other or additional information.

## OBJECTIONS TO DEFINITIONS

1.     Choi objects to the definition of "YOU" and "YOUR" on the grounds that it is vague, ambiguous, and overbroad.  Choi is responding on behalf of himself, and no other person or entity.

2.     Choi objects to the definition of "DETOMASO" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on his behalf in the past without any limiting time period.  To the extent Choi's Responses refer or relate to "DETOMASO," Choi is referring or relating only to De Tomaso Automobili Holdings N.A. LLC, named Defendant in this matter.

3.     Choi objects to the definition of "JORDA" on the grounds that it is vague, ambiguous, and overbroad to the extent it refers to those who have acted on her behalf in the past without any limiting time period.  To the extent Choi's Responses refer or relate to "JORDA," Choi is referring or relating only to Carmen Jorda, named Plaintiff in this action.

4.     Choi objects to the definition of "BERRIS" as misleading to the extent it characterizes Ryan Berris as Choi's former chief executive officer.  To the extent Choi's Responses refer or relate to "BERRIS," Choi is referring or relating only to the former chief executive officer of De Tomaso Automobili Holdings N.A. LLC.

5.      Choi objects to the definition of the "2021 AGREEMENT" as misleading to the extent it characterizes De Tomaso as being a party to an agreement and to the extent it characterizes that document as valid and enforceable contract.  To the extent Choi's Responses

refer or relate to "2021 AGREEMENT," Choi is referring or relating only to the document

attached as Exhibit A to Jorda's Declaration (ECF No. 64-9).

6.       Choi objects to the definition of the "2022 AGREEMENT" as misleading to the

extent it characterizes De Tomaso as being a party to an agreement and to the extent it

characterizes that document as valid and enforceable contract.  To the extent Choi's Responses

refer or relate to "2022 AGREEMENT," Choi is referring or relating only to the document

attached as Exhibit B to Jorda's Second Amended Complaint (ECF No. 41-2).

### OBJECTIONS TO INSTRUCTIONS

1.       Choi objects to Instruction No. 9 to the extent it seeks information from anyone

else acting, or who has acted, on behalf of and including but not limited to any of Choi's agents,

representatives, employees (current and former), affiliates, predecessors, successors, assigns,

principals, independent contractors, managers, consultants, attorneys, accountants, and each and

every person acting on his behalf or at Choi's direction.  Choi is responding on behalf of himself,

and no other person or entity.  Choi also objects to Instruction No. 9 to the extent it seeks

information protected by the attorney-client privilege or the work-product doctrine, or

information regarding trade secrets, confidential and/ or proprietary business information,

information subject to confidentiality agreements with non-parties, and/ or any other applicable

claim of privilege or legal protection.

2.       Choi objects to Instruction No. 13 to the extent it purports to impose obligations

that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the

Court's standing orders, any other orders entered in this litigation, or any other applicable law.

3.       Choi objects to Instruction No. 15 to the extent it purports to impose obligations

that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the

Court's standing orders, any other orders entered in this litigation, or any other applicable law. The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and Choi objects to Jorda's attempt to do so unilaterally in Instruction No. 15.

4.     Choi objects to Instruction No. 16 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law. The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and Choi objects to Jorda's attempt to do so unilaterally in Instruction No. 16.

5.     Choi objects to Instruction No. 17 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law. The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and Choi objects to Jorda's attempt to do so unilaterally in Instruction No. 17.

6.     Choi objects to Instruction No. 18 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law. The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and Choi objects to Jorda's attempt to do so unilaterally in Instruction No. 18.

7.    Choi objects to Instruction No. 19 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law. The parties have not entered into any agreement relating to the production of electronically stored information ("ESI") and Choi objects to Jorda's attempt to do so unilaterally in Instruction No. 19.

8.    Choi objects to Instruction No. 20 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

9.    Choi objects to Instruction No. 21 to the extent it purports to impose obligations that exceed those imposed by the Federal Rules of Civil Procedure, Local Rules of this Court, the Court's standing orders, any other orders entered in this litigation, or any other applicable law.

## RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS reflecting or evidencing COMMUNICATIONS between YOU and JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Choi objects to Request No. 1 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order on Scope of Limited Jurisdictional Discovery ("Order"). ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS between YOU and BERRIS relating to work performed by JORDA on behalf of or for the benefit of DETOMASO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Choi objects to Request No. 2 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS and COMMUNICATIONS relating to the 2021 AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Choi objects to Request No. 3 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS and COMMUNICATIONS relating to the 2022 AGREEMENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Choi objects to Request No. 4 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS and COMMUNICATIONS relating to payment for work performed by JORDA on behalf of or for the benefit of DETOMASO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Choi objects to Request No. 5 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

-8-

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS and COMMUNICATIONS relating to the "Meet 'Isabelle'"

campaign event in New York City.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Choi objects to Request No. 6 because it contravenes and goes beyond the scope of the

limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not

allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS reflecting or relating to any business or personal trips taken by YOU

in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Choi objects to Request No. 7 because it contravenes and goes beyond the scope of the

limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not

allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 8:**

Any identification card, voter registration, or driver's license issued by any U.S. federal,

state, or local government agency or authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Choi objects to Request No. 8 because it contravenes and goes beyond the scope of the

limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not

allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to YOUR approval or rejection of any proposed contract or agreement with JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Choi objects to Request No. 9 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to YOUR approval or rejection of any payments for work performed by JORDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Choi objects to Request No. 10 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR use, purchase, or lease of any business property or equipment, including any vehicles, in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Choi objects to Request No. 11 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS evidencing any personal or business loans YOU received from any individual or entity, including any bank or financial institution, in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Choi objects to Request No. 12 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS relating to YOUR use, purchase, or lease of any real property in the State of New York, including any residential property located at 35 Hudson Yards, New York, NY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Choi objects to Request No. 13 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting any travel or trip made by YOU to the State of New York for any purpose from 2014 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Choi objects to Request No. 14 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to show any banking or financial accounts opened, maintained, and/or controlled by YOU in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Choi objects to Request No. 15 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS evidencing or relating to any visa application submitted by YOU with any U.S. government agency or authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Choi objects to Request No. 16 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS relating to your current immigration status in the U.S., including any visa approval or rejection letters issued by any U.S. government agency or authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Choi objects to Request No. 17 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS including COMMUNICATIONS or invoices reflecting or relating to any hotel stays by YOU for any purpose in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Choi objects to Request No. 18 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS and COMMUNICATIONS reflecting or relating to any business meeting YOU attended in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Choi objects to Request No. 19 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS evidencing or reflecting any real, personal, residential, commercial, or tangible property YOU have owned, leased, rented, purchased, or held, in the State of New York at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Choi objects to Request No. 20 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS and COMMUNICATIONS relating to DETOMASO's purchase of a vehicle for YOUR use while YOU are in New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Choi objects to Request No. 21 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS reflecting or relating to any business events YOU attended in the State of New York from 2020 to present, including but not limited to, the automotive event in the Hamptons known as "The Bridge," and any other automobile trade shows or promotional events.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Choi objects to Request No. 22 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS reflecting or relating to any automobile test drives, photo shoots, or promotional events organized, hosted, or attended by YOU in the State of New York from 2020 to present, including but not limited to any test drive or event at the test track located in Greenwood Lake, New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Choi further objects to Request No. 23 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS reflecting or relating to YOUR meetings, photoshoots, or event rehearsals with JORDA in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Choi further objects to Request No. 24 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 25:**

All contracts or agreements entered into by YOU or executed on YOUR behalf in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Choi objects to Request No. 25 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 26:**

DOCUMENTS sufficient to show any job or employment obtained by YOU or YOUR spouse in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Choi objects to Request No. 26 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS relating to the enrollment of YOUR children in any schools in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Choi objects to Request No. 27 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS reflecting or relating to any income YOU or YOUR spouse received in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Choi objects to Request No. 28 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order.  ECF No. 98.  The Order does not allow for the parties to submit requests for production.  *Id.*

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS and COMMUNICATIONS relating to any work or business you performed in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Choi objects to Request No. 29 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS and COMMUNICATIONS relating to any efforts by YOU to specifically do business in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Choi objects to Request No. 30 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS reflecting any personal or business expenses paid by DETOMASO to YOU for any work, transactions, or dealings in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Choi objects to Request No. 31 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS and COMMUNICATIONS relating to any use of JORDA's likeness by YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Choi objects to Request No. 32 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 33:**

DOCUMENTS sufficient to show any direct or indirect ownership interest in DETOMASO owned or held by YOU and any changes to such interests at any time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Choi objects to Request No. 33 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 34:**

Any and all DOCUMENTS and COMMUNICATIONS reflecting or relating to DETOMASO using business assets to pay YOUR personal expenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Choi objects to Request No. 34 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 35:**

Any and all DOCUMENTS and COMMUNICATIONS reflecting or relating to use of YOUR personal assets to pay for DETOMASO's business expenses, including operating costs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Choi objects to Request No. 35 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 36:**

Any and all DOCUMENTS and COMMUNICATIONS reflecting or relating to YOUR use of DETOMASO's Connecticut office, including but not limited to any DOCUMENTS and COMMUNICATIONS sufficient to show all times that YOU visited the Connecticut office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Choi objects to Request No. 36 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS reflecting or relating to any distributions, payments, or loans made by DETOMASO to YOU from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Choi objects to Request No. 37 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS relating to any reflecting or relating to any contributions, payments, or loans made by YOU to DETOMASO from 2020 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Choi objects to Request No. 38 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS reflecting or relating to any transactions or business dealings by YOU in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Choi objects to Request No. 39 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any business YOU solicited from any individual or entity in the State of New York.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Choi objects to Request No. 40 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS and COMMUNICATIONS reflecting or relating to any assets YOU have shared or transferred with DETOMASO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Choi objects to Request No. 41 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 42:**

Any and all DOCUMENTS identified in or relied upon to prepare YOUR responses to Interrogatories, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Choi objects to Request No. 42 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

**REQUEST FOR PRODUCTION NO. 43:**

Any and all DOCUMENTS identified in or relied upon to prepare YOUR responses to Requests for Admission, Set One, served concurrently herewith.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Choi objects to Request No. 43 because it contravenes and goes beyond the scope of the limited jurisdictional discovery granted by the Court's Order. ECF No. 98. The Order does not allow for the parties to submit requests for production. *Id.*

Dated:  September 11, 2025

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**

<u>/s/ *Paul Werner*</u>
Paul Werner (*pro hac vice*)
Imad Matini (*pro hac vice*)
Hannah Wigger (*pro hac vice*)
Alexandra Bustamante (*pro hac vice forthcoming*)
2009 Pennsylvania Ave NW
Washington, D.C. 20006
Telephone: 202.747.1932
pwerner@sheppardmullin.com
imatini@sheppardmullin.com
hwigger@sheppardmullin.com
abustamante@sheppardmullin.com

Bradley M. Rank
30 Rockefeller Plaza
New York, NY 10112
Telephone: 212.653.8700
brank@sheppardmullin.com

*Attorneys for Defendant De Tomaso*